STATE v. H. S. WHITLEY.

*Tales-jurors, qualification of.*

A tales-juror is required to possess the same qualifications as one of the regular panel, with the additional one of being a freeholder.

(*Lee* v. *Lee*, 71 N. C., 139, cited and approved).

INDICTMENT for perjury, removed from Wilson, and tried at Fall Term, 1881, of EDGECOMBE Superior Court, before *Gilmer, J.*

Verdict of guilty; judgment; appeal by defendant.

*Attorney-General*, for the State.
*Messrs. Reade, Busbee & Busbee*, for defendant.

RUFFIN, J. Without going beyond the first exception, the court thinks the defendant clearly entitled to have his cause tried by another jury.

A tales-juror was called and challenged upon the ground that he had not paid his tax for the preceding year. The non-payment was admitted, but the court held it not to be a good cause of challenge, and the defendant excepted.

It is needless to argue the point, as it was distinctly presented and determined in *Lee* v. *Lee*, 71 N. C., 139, where it was held, that, upon a proper construction of the statutes upon the subject (Bat. Rev., ch. 17, § 229 a, and page 860—*Addenda to Code*)

a tales-juror is required to possess the same qualifications as one of the regular panel, with the additional one of being a free-holder; and in Thompon on Juries, § 100, it is said that tales-men must possess the statutory qualification of regular jurors.

But, in the absence of any authority, it would seem impossible, upon reflection, to avoid coming to the same conclusion, since, in prescribing a new and specific qualification for tales-jurors, it cannot be supposed that the legislature intended to dispense with the old safe-guards. As suggested by counsel, the very term, "tales-jurors," imports that they must be *such* as are qualified.

We have not considered the other exceptions, as they relate to matters that are not likely to occur upon another trial, except the one in reference to the variance between the proofs and the full matter alleged in the indictment—and this, without undertaking to decide it, we venture to say, it would be safest to remove by sending another bill.

For the error in disallowing the challenge to the juror, there must be another trial.

Error.                                        *Venire de novo.*