MARY SELLERS et al. v. PHILIP SELLERS et al.

*Deed, Execution of—Registration—Evidence—Exceptions— Juror.*

1. The tax required to be paid as a qualification to serve as a juror is that falling due in the fiscal year next preceding the time when his name was placed on the jury list.

2. A deed having once been duly admitted to probate and ordered to be registered, may, in the absence of any statute forbidding it, be registered at any time thereafter.

3. The certificates of registration made by registers of deeds are *prima facie* evidence of the facts therein recited.

4. A register of deeds has the power, and it is his duty to correct any error he may have made in the registration of a deed, either by inserting any omitted matter, or by a re-registration of the entire instrument.

5. A deed will not be avoided by an inconsistency between the date of its execution and that of its probate and registration.

6. It is not essential that the words " his mark," shall be attached to the mark made or adopted by a person unable to write, in the execution of a deed. It is sufficient if it appears that he in fact made the mark or adopted it.

7. Exceptions to the charge of the Court should point out the particular errors alleged.

(*Pleasants* v. *Railroad*, 95 N. C., 196; *Clements* v. *Rogers*, Ibid., 248; *Tatom* v. *White*, Ibid., 453; *State* v. *Byrd*, 93 N. C., 624; *Young* v. *Jackson*, 92 N. C., 144; *Holmes* v. *Marshall*, 72 N. C., 37; *Etheridge* v. *Ferebee*, 9 Ired., 312; *Beckwith* v. *Lamb*, 13 Ired., 400; *State* v. *Carland*, 90 N. C., 668; *State* v. *Haywood*, 94 N. C., 847; cited and approved).

Issues joined in a SPECIAL PROCEEDING, tried before *Boykin, Judge*, at Spring Term, 1886, of ANSON Superior Court.

The plaintiffs allege that they are tenants in common with the *feme* defendant of the land described therein, and seek to have partition thereof, &c. The defendants deny the allegations of the petition, and allege that the *feme* defendant is sole seized of the land, &c.

In selecting a jury to try the issues thus raised, the plaintiffs challenged a juror for cause, and assigned as cause that he had not paid tax for the year next preceding the time when his name was selected and placed on the jury list by the county commissioners as prescribed by the statute (*The Code*, §§1722, 1723). It appeared that he had paid tax for the fiscal year 1884, but had not for the year 1885. The trial took place at the Spring Term of the Court of 1886. The challenge was overruled, and plaintiff excepted.

On the trial the defendants put in evidence a deed purporting to have been executed on the 8th of October, 1855, upon the sufficiency of which it seems the title of the *feme* defendant depended. The parts thereof, and the certificates of probate and registration thereof necessary to a proper understanding of the errors assigned, and the opinion of the Court, are as follows:

"In testimony whereof, the said Roland R. Sellers, and

Sarah Sellers, his wife, hath hereunto set their hands and seals, the day and date above written.

R. R. SELLERS,    [Seal.]

SARAH + SELLERS, [Seal.]

Signed, sealed and delivered in the presence of

A. LITTLE,

J. T. STREATER.

NORTH CAROLINA, ⎱ COURT OF PLEAS AND QUARTER
ANSON COUNTY.   ⎰ SESSIONS—October Term, 1854.

Then Rowland Sellers, and Sarah Sellers, his wife, appeared in open Court, and each acknowledged the due execution by them of the foregoing deed for lands in this county, to Thomas Ratliff, for the sole and separate use of Martha Sellers, independent of her husband, Philip A. Sellers, and of all his marital rights, dated the 8th day of October, 1855; and thereupon, Stephen W. Cole, a member of the Court, is appointed to take the private examination of the said Sarah Sellers, who is a *feme covert*, and the said S. W. Cole, after having examined (privily) the said Sarah Sellers within the verge of said Court, separate and apart from her said husband Roland, R. Sellers, touching her free and voluntary consent in the execution of said deed of conveyance, reports to the Court that she acknowledged before him when so examined, that she had executed the said deed freely, of her own free will and accord, and without any force, fear or undue influence of her said husband, or other person, and that she now and still doth voluntarily assent thereto, All of which, on motion, is ordered to be recorded.

S. W. COLE, *M. C.*

It is further ordered that the deed itself and the record of the above proceedings be registered.

J. WHITE, *Clerk.*"

"STATE OF NORTH CAROLINA,
October 27th day, 1855.

Then this deed came into my hands and was duly registered in the Register's office in Anson county, in book No. 14, page 482.

P. J. COPPEDGE, *Register.*

STATE OF NORTH CAROLINA,
November 28th, 1885.

Then this deed and certificate came into my hands and were duly registered in the Register's office of Anson county in deed book No. 24, pages 270, 271 and 272.

· P. J. COPPEDGE, *Register of Deeds.*"

"The plaintiffs objected to the introduction of said deed on the following grounds:

1. Because the deed could not have been registered without an order therefor from the clerk of the Superior Court, there being no evidence offered outside of the deed and certificate, and the registry thereof, of the official character of S. W. Cole, a member of the County Court, and of J. White, clerk of said Court.

2. Because the probate was taken in 1854, while the deed shows its execution in 1855.

3. Because the words "her mark" do not accompany the +.

4. Because the register of deeds had no authority to add the word "Seal" to the registry after the name of Sarah Sellers, one of the alleged grantors, after the commencement of this action, the register of deeds having put the seal to the name of Sarah Sellers on the registry at the request of defendants' counsel. Objection overruled and plaintiffs excepted."

There was some question as to whether or not there was a seal affixed to the name of Sarah Sellers at the time she

executed the deed, but the evidence went strongly to prove that there was, just as it now appears, and the jury must have so found and so accepted the fact to be.

The deed was admitted; there was a verdict and judgment for the defendants, and the plaintiffs appealed.

*Mr. J. B. Batchelor*, for the plaintiffs.

*Messrs. J. A. Lockhart* and *Platt D. Walker.* for the defendants.

MERRIMON, J., (after stating the case). The first assignment of error cannot be sustained. The name of the juror challenged must, in the order as prescribed in the statute (*The Code*, §§1722—1727), have been selected and placed on the jury list on the first Monday in September, 1885. To render him eligible to sit on the trial as a juror at the Spring Term, 1886, of the Court when it took place, he must have paid tax for the fiscal year next preceding the time when his name was so placed on the jury list, which was the fiscal year of 1884. It appears that he paid tax for that year, hence the objection was unfounded. *State* v. *Carland,* 90 N. C., 668; *State* v. *Haywood,* 94 N. C., 847.

Nor do we think that the objections to the deed and the probate and registration thereof can be sustained. The deed was a conveyance for land, situate in the county of Anson, and the makers, a husband and wife, acknowledged the execution of it by them before the late Court of Pleas and Quarter Sessions of that county, and the wife was privily examined by order of the Court by a member thereof, as to her free and voluntary consent in the execution of it. This acknowledgment and privy examination of the wife was ordered to be recorded and registered, and it was registered, as appears from the certificates of the proper officers. These certificates appear to be sufficiently regular and complete for the purposes for which they were intended, and

2

have the sanction of the statute (Rev. Stat., ch. 37, §9,) then in force, and which as to them continue in force and have effect. *Etheridge* v. *Ferebee,* 9 Ired., 312; *Beckwith* v. *Lamb,* 13 Ired., 400.

At the time the probate of the deed was thus taken, and the order of registration made, these were effectual. They were made a part of the record of the Court, and upon the certificate of the clerk of the Court, without further evidence, it became, and was, the duty of the register to register the deed as he did, as appears from his certificate. These official certificates were of themselves *prima facie* evidence of the pertinent facts stated in them, and the record of the probate of the deed reciting that S. I. Cole was a member of the Court, thus certified, was evidence that he was such member. *Etheridge* v. *Ferebee, supra.*

The probate of the deed and order of registration were sufficient when taken and made—they have each since then continued, and will continue, to be efficient and sufficient. There is no law, statutory or otherwise, that renders them inoperative because of lapse of time. If, therefore, the deed had not been registered in 1855, it might, in pursuance of the order, have been in 1885 without further order. We can conceive of no adequate reason why it might not have been done. The probate had once been taken, and the order of registration made by the proper competent authority. In the absence of statutory requirement, why should there be a further order necessary?

It seems to us that a re-registration of the deed was unnecessary. If the register failed at first to completely execute the order of registration, it continued in force and mandatory until it was completely executed, and it continued to be the register's duty to execute it until he had completely done so. If he found that he had by inadvertence omitted a word, a sentence, a paragraph or a scroll representing a seal, we think he might, in good faith, complete the registration

in these respects.   Of course he could not have authority to *interpolate* anything that was not in the deed, or other instrument, at the time the probate was made.   It was therefore not improper for the register, as it appears he did, to add on the registry the scroll representing the seal affixed to the signature of the wife, which he had at first omitted.

But if this were not so, and the registration in 1855 was insufficient, we think the re-registration in 1885 cured any defect in that respect, because the order of registration, as we have seen, continued mandatory, and there was at that time no statute that forbade such registration.   The statute (Acts 1885, ch. 147), had not then taken effect.   It might have been regular to submit the probate to the clerk of the Superior Court, who is now the probate officer, to the end he might have made a further order of registration, but this was not essential.   *Holmes* v. *Marshall*, 72 N. C., 37 ; *Young* v. *Jackson*, 92 N. C., 144.

Nothing appears in the record by which the apparent inconsistency between the date of the deed and the time of the term of the Court at which its execution was acknowledged can be reconciled.   It may be that the term of the Court was in fact held in October, 1855—this is not improbable—it may be that in fact the deed was executed in October, 1854.   But it is not indispensable that these dates shall be reconciled—it was only essential that the deed existed, and was proven, and these things appear from the record of the probate of it, which imports verity, and which, while it remains unimpeached, prevails.

The certificate of probate settles the fact as to the existence of the deed and of the probate of it.

It was not necessary that the words "her mark" should be annexed to or accompany the cross mark of the wife in executing the deed on her part to identify herself with it as her deed.   It was only essential that she made the mark herself, or adopted it as hers, if made by some other person

under her direction. Such words might be appropriate as furnishing some evidence that she made or adopted the mark, but that she did so is the important fact, and this might be proven by any appropriate evidence, or she might acknowledge it as she did, before the appropriate Probate Court. The objection that the words " her mark " were not used in the connection mentioned has no force.    *State* v. *Byrd*, 93 N. C., 624; *Tatom* v. *White*, 95 N. C., 453.

The Court gave the jury numerous instructions, and after a verdict for the defendant, it is stated in the record that the "plaintiffs excepted," but to what part of the instructions given, or to what rulings in other respects they excepted, does not appear from any assignment of errors in terms or by the remotest implication.

To except thus is no compliance with the statute in respect to the assignment of errors, and it is settled that the Court will not notice such " exceptions."    *Pleasants* v. *The Railroad*, 95 N. C., 196; *Clements* v. *Rogers*, *Ibid.*, 248.

No error appears, and the judgment must be affirmed.

No error.                                        Affirmed.