STATE v. W. H. HARGRAVE.

*Tales Jurors—Challenges to Jurors.*

1. In respect to payment of taxes the law, as to the competency of regular jurors and tales jurors to serve, is the same ; and one, who has not paid his taxes, for the fiscal year preceding the first Monday in September next before the time he is called on to serve, will be excluded on the challenge of either party.

2. A defendant, in an indictment for an offence other than capital, having only four peremptory challenges to jurors, cannot challenge a fifth juror peremptorily, if he had first challenged one of the four for cause, which was properly disallowed.

INDICTMENT FOR LARCENY, tried before *Connor, J.,* at February Term, 1888, of the Superior Court of ROWAN, whither it had been removed from the Superior Court of Davidson.

In selecting the jury, the defendant challenged a tales juror tendered for cause, who, upon his examination, stated " that he had paid his taxes for the year 1886, but had not paid them for the year 1887." That he had not paid his taxes for the last mentioned year, was assigned as cause of challenge. The Court refused to allow it, and the defendant excepted. The defendant then challenged this juror peremptorily. He then challenged three jurors peremptorily, and challenged a fifth one without assigning any cause of challenge, and the Court disallowed this challenge, and the defendant again excepted.

On the trial there was a verdict of guilty, and judgment accordingly, against the defendant, from which he appealed to this Court.

*Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, J., (after stating the facts).   It is settled, that a person selected and summoned as a juror, as provided by the statute, (*The Code*, § 1722,) is not eligible to be such, if objected to, unless he shall have paid taxes for the fiscal year next preceding the time he was selected; that is, the fiscal year next preceding the first Monday of September next preceding the time such juror shall be called to serve, because the statute cited provides that jurors shall regularly be selected on the Monday mentioned in each year.   *State* v. *Carland*, 90 N. C., 668; *State* v. *Haywood*, 94 N. C., 847; *Sellers* v. *Sellers*, 98 N. C., 13.

And it has been repeatedly decided that a tales juror is not eligible, if objection be raised, if he has not paid taxes in like manner as jurors regularly selected.   He is required to have the same qualifications as a regular juror, and, in addition to these, he must be a freeholder.   He is eligible in that respect, when he has paid such taxes as the regular juror is required to have paid to render him eligible and free from objection.   *Lee* v. *Lee*, 71 N. C., 139; *State* v. *Whitley*, 88 N. C., 691; *State* v. *Carland*, *supra*.

Now, the regular jurors, of the panel that tried the defendant, must regularly have been selected on the first Monday in September, 1887, and hence to be free from objection must have paid taxes for the fiscal year next preceding that time, which was the fiscal year 1886.   *Sellers* v. *Sellers*, *supra*.   The juror challenged was on a like footing, as to the payment of taxes, with regular jurors.   He had paid taxes for the fiscal year 1886.   The cause of challenge assigned was, therefore, unfounded, and the Court properly disallowed it.

The second exception is without force, because the defendant had exhausted his right to challenge four jurors peremptorily, as allowed by the statute, (*The Code*, § 1199), before the last challenge noted was made.

There is no error.

Affirmed.