## STATE v. M. SHERMAN.

*Indictment for Libel—Juror, qualification of—Payment of Taxes—Evidence.*

1. A talis juror must have the same qualification as a regular juror, with the additional one of being a freeholder.

2. Under section 1722 of *The Code*, as amended by chapter 559 acts of 1889, the County Commissioners were required on the first Monday in September, 1892, and every four years thereafter, to put on the jury list such persons only as had paid their taxes for the preceding year; hence, a talis juror called on a trial in April, 1894, was not disqualified because he had not paid his taxes for the year 1893, he having paid them for 1892.

3. In the trial of a defendant for libel in charging that the prosecutor was a negro living in adultery with a white woman as his wife, testimony that the prosecutor had associated with white men as a white man was competent to be submitted to the jury to prove that he was a white man, either as corroborative of other evidence or as substantive evidence, in itself, for the consideration of the jury.

Indictment for libel, tried before *Jones, J.,* and a jury, at April Term, 1894, of the Criminal Court of BUNCOMBE County.

During the empaneling of the jury the defendant had challenged peremptorily three jurors. The fourth was presented and challenged for cause. The said juror was a talis juror. The cause assigned, the failure to pay his taxes for the previous year. The evidence was that he had paid his taxes for the year 1892, but not for 1893. The Court held him competent. Defendant excepted, and exhausted his final challenge. Another juror was called and challenged by the defendant, but disallowed by the Court upon the ground that they had exhausted their four peremptory challenges. To which ruling the defendant excepted, and said juryman was placed on the jury.

One of the charges in the bill of indictment and the allegations contained in the letter said to have been written by the defendant was that Hill, the prosecutor, was a negro living in adultery with a white woman as his wife. The State, in order to show that said Hill was a white man, offered witnesses to prove that he had associated with white people as a white man. To this testimony the defendant excepted. Objection overruled, and said testimony given by the witnesses.

The jury found the defendant guilty. Judgment, imprisonment in the county jail, to be worked on public roads for one year. Defendant appealed.

*The Attorney General,* for the State.
*Mr. H. B. Carter,* for defendant (appellant).

MACRAE, J.: This case was tried at April Term, 1894. The talis juror who was challenged for failure to pay his taxes for the previous year had paid his taxes for 1892. By the provisions of section 1722 of *The Code,* as amended by the Act of 1889, chapter 559, the County Commissioners were required on the first Monday of September, 1892, to select from the tax returns of the preceding year the names of such persons only as had paid tax for the preceding year, and are of good moral character and of sufficient intelligence. Previous to. the amendment, this duty was to be performed on the first Monday in September in each year; now it is to be done on the first Monday in September, 1892, and every four years thereafter. The qualification of a regular juror then was that his name should have been on the tax return for the year preceding the first Monday in September, 1892, and that he should be of good character, etc. A talis juror is required to possess the same qualifications as one of the regular panel, with the additional one of being a freeholder. *State* v. *Carland,* 90 N. C., 668 . *State* v. *Whitley,*

88 N. C., 691.   So it was not necessary that the talisman should have paid his tax for 1893.

We can see no merit in the second exception.   The case does not purport to set out all of the testimony.   The one circumstance that Hill had associated with white men, offered to prove that he himself was a white man, while standing alone, might have little weight, but was competent either as corroborative of other evidence, or as substantive evidence in itself, to be submitted to the jury.   *Hopkins* v. *Bowers*, 111 N. C., 175.                                          No Error.