### HALE BROTHERS v. B. F. WHITEHEAD.

*Appraisers of Homestead—Qualification as Jurors.*

There is no requirement that appraisers to allot the homestead shall have the qualification of being freeholders, as is the case with extraordinary or tales jurors, but simply that they shall be "qualified to act as jurors," *i. e.*, as ordinary or regular jurors. (Section 502 of *The Code.*)

This was an appeal from the return of appraisers who laid off the homestead of the defendant, heard before *Graves, J.,* and a jury, at March Term, 1894, of HALIFAX Superior Court.

The following issues were submitted to the jury :

"1. Did appraisers allot to defendant, as his homestead, land of less value than one thousand dollars?

"2. Was the appraiser L. M. Alston a freeholder?

"3. Was the appraiser L. M. Alston excepted to before he was sworn?"

The jury answered the first issue "No," the second "No," and the third "Yes."

Thereupon, the defendant asked judgment upon the verdict that the return of the appraisers be set aside because no proper homestead had been allotted him according to law, in this, that the appraiser L. M. Alston was not a freeholder and a proper person to act as such appraiser. The motion was refused, and, after judgment for plaintiff, defendant appealed.

*Mr. Thomas N. Hill,* for plaintiffs.
*Messrs. Day & Harrison,* for defendant (appellant).

CLARK, J. : The appraisers to allot the homestead are required by *The Code,* § 502, to be discreet persons, "qualified to act as jurors." The plain import of this language is

that they shall have the qualifications of regular jurors. These are not required to be freeholders. Tales jurors are required by *The Code*, § 405, to be taken from bystanders qualified to serve as jurors, and by *The Code*, § 1733, such tales jurors are further required to be freeholders, and must not have served on the jury within that Court within two years. This shows that these extraordinary jurors must not only be "qualified to serve as jurors," but must have the additional qualifications of being freeholders and of non-service in same capacity for two years. *State* v. *Whitley*, 88 N. C., 691. The reason of this was to prevent professional jurors who might be "qualified to act as jurors" from monopolizing the jury box. Neither the reason nor the letter of the law applies to appraisers, who need not be summoned hastily, nor usually from a crowd of bystanders. There is no requirement that they shall have the qualification of being freeholders, as is the case with extraordinary or tales jurors, but simply that they shall be "qualified to act as jurors," *i. e.*, as ordinary or regular jurors.

No error.