# Harwell, *et al. v.* Zimmerman.

### *Ejectment.*

(Decided Nov. 25, 1908.　47 South. 722.)

*Signature; Use of Mark; Execution of Mortgage.*—Where a mort-
gage is executed in the presence of and by the direction of the mort-
gagors, who touched the pen when the X mark was made, such
execution is valid under section 982, Code 1896, although such mort-
gagors could neither read nor write, and the words, "his mark" was
not written over or against the signature.

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by Margiana Zimmerman against E. E.
Harwell and Bedford Harris. Judgment for plaintiff
and defendant appeals. Reversed and remander.

[Harwell, et al. v. Zimmerman.]

FRANK W. LULL, for appellant. The court erred in excluding the mortgage from appellee to appellants.— *Sellers v. Sellers,* 98 N. C. 133; 93 N. C. 624; 98 Ala. 481; *Bailey v. Bailey,* 35 Ala. 687; 108 N. C. 134; 5 Cush. 483; 9 Ired. 218; 21 Me. 156; 21 Cal. 390; 68 Me. 386; 64 Me. 551.

MARK D. BRAINARD, for appellee. Section 2528 of the Code provides the power of the wife to alienate or mortgage her real and personal property, and says that it must be done "in the mode prescribed by law for the execution of conveyances of land," consequently the trial Judge did not err in excluding the mortgage offered in evidence by the appellants because the same was not signed as required by section 982 of the Code of Ala. 1896, in this, the words "her mark" were not written against or over her cross. The land in question was acquired by appellee previous to her marriage with her husband Zimmerman, and formed her statutory separate estate, and consequently she could dispose of the same only in the manner prescribed by the statute.—*Beemis' Heirs v. Randall's Heirs,* 23 Ala. 514; *O'Neal v. Robinson,* 45 Ala. 531. "The formalities required by the Code must *all* be complied with else the conveyance is without legal validity; it is inchoate and imperfect and no right can be founded on it."—*Hammond, Adm'r. v. Thompson,* 56 Ala. 589; *Ellett v. Wade,* 47 Ala. 456; *Williams v. Auerbach,* 57 Ala. 90; *Linam v. Reeves,* 68 Ala. 89; *Blythe v. Dargan,* 68 Ala. 370.

HARALSON, J.—Margiana Zimmerman instituted this suit against the defendants, Harwell and Harris, to recover 40 acres of land.

The plaintiff testified that the land was her separate estate; that she purchased it from defendant, Bedford Harris, who conveyed it to her in the year 1891, when her

name was Margiana Parker; that she subsequently married Bob Zimmerman; that said Bob Zimmerman, in January, 1892, became indebted to defendant, Harwell, and to secure such indebtedness of her husband, she and her said husband executed a mortgage to said defendant; that on the demand of defendant (after the law day of the mortgage), she moved off the premises and defendant went into possession of them, and she afterwards rented the land from defendant. The mortgage was identified by plaintiff, and offered in evidence by defendant.

The signatures to the mortgage were, Margiana x Zimmerman, L. S., and Bob x Zimmerman, L. S., attested by A. J. Harwell and L. W. Woodall, who signed their names thereto as subscribing witnesses. The mortgage recited that plaintiff and her husband promised to pay defendant one hundred and fifty dollars; and further, "And we or either of us also agree to pay the said E. E. Harwell for any and all advances, in addition to the above amount of money, the said E. E. Harwell may make to us, or either of us during the year 1892. And we hereby certify, that said sum of money has been obtained by us and such contract for future advances has been made by us, bona fide for the purpose of making a crop during the year 1892, and that without such advances, and such contract for future advances, it would not be in our power to procure the necessary teams, provisions and farming implements with which to make a crop during the year 1892," etc.

The mortgage conveyed the land in question and the crops to be raised thereon in 1892.

The plaintiff testified that she and the said Bob Zimmerman could neither read nor write; that, said signatures were written by A. J. Harwell, who was one of the attesting witnesses to the mortgage; that he signed the name of herself and of Bob Zimmerman in their

presence and at their request, and that said attesting witnesses were present and signed the same as witnesses; that she and her husband held the pen while the cross-marks appearing between their given surnames were made by said A. J. Harwell at their request.

The evidence of defendant (examined by plaintiff), showed that the mortgage was made by Zimmerman and wife to procure advances for the year, and not to secure a debt of Bob Zimmerman, and that Bob Zimmerman did not owe defendant at the time the amount for which said mortgage was made, but only about the sum of twenty-seven dollars with interest, and that he would not agree to advance anything to Bob for himself. The mortgage was offered in evidence by defendant, but the court refused to admit it, because the words, "her mark" and "his mark," were not written over the respective signatures of the grantors. Whether this was necessary to the validity of said mortgage or not, is the sole question on this appeal.

Section 982 of the Code of 1896, providing how conveyances of land shall be executed, provides, among other things, that if the grantor "is not able to sign his name, then his name must be written for him, with the words, 'his mark,' written against the same or over it."

The design of the Legislature in adopting this rule, it may be fairly presumed, was for the greater certainty in identifying the signature of the grantor as his own. These words, if the grantor could neither read nor write, or from other cause was unable to write his name, could not appear in his own handwriting. They would, in such instances, have to be written for him by some one else; and it cannot be fairly presumed, if the conveyance was executed under and by the grantor's own direction, that the words, "his mark," were necessary to give validity to the conveyance to which the name of the grantor was written, in accordance with his own request by another.

[Harwell, et al. v. Zimmerman.]

In *Lewis v. Watson,,* 98 Ala. 481, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82, it was said by us, concerning one whose name was signed by another in his presence, "the subscription to the instrument was as efficacious as had he been able to write his name, and with his own hand written it, or, he being unable to write his name, as if he had made his mark, and the words, 'his mark,' had been written against it, and the signature thus made, attested by two witnesses. This, on the principle, that where the grantor is present and authorizes another, either expressly or impliedly, to sign his name to the deed, it then becomes his deed and is as binding upon him, to all intents and purposes, as if he had personally affixed his signature."—9 A. & E. Ency. Law (2d Ed.) 144; *Riley v. Riley,* 36 Ala. 500; *Loyd v. Oates,* 143 Ala. 231, 38 South. 1022, 111 Am. St. Rep. 39.

"The name being written by another hand, in the presence of the grantor, and at her request, is her act. * * * To hold otherwise would be to decide that a person having a clear mind and full capacity, but through physical inability incapable of making a mark, could never make a conveyance or execute  a deed."— *Gardner v. Gardner,* 5 Cush. (Mass.) 483, 52 Am. Dec. 740; 1 Dev. on Deeds, §§ 232, 233.

In *Sellers v. Sellers,* 98 N. C. 19, 3 S. E. 917, it was said, "It was not necessary that the words 'her mark' should be annexed to or accompany the cross-mark of the wife in executing the deed on her part to identify herself with it as her deed."

There was error in excluding the mortgage on the grounds ruled by the court.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.