41 So.2d 293

**BIRMINGHAM GAS CO. v. CITY OF BESSEMER et al.**

**6 Div. 836.**

Supreme Court of Alabama.

June 16, 1949.

Huey, Welch & Stone, of Bessemer, and White, Bradley, Arant & All, of Birmingham, for appellant.

**BROWN, Justice.**

This is the second appeal in this case. The former appeal was from a decree of the circuit court dissolving the temporary injunction theretofore issued on motion of the defendant. The decree was affirmed, the court holding that the bill was without equity. Birmingham Gas Co. v. City of Bessemer et al., 250 Ala. 137, 33 So.2d 475. We refer to the report of that case for a statement of the facts and the question presented and the treatment thereof on that appeal. In the further prosecution of the case after the affirmance, the complainant amended paragraph 9 of the bill to read:

"That the respondents do not have jurisdiction, or the right, or authority, to call an election on the grant set forth in said Ordinance 984, unless and until a number of legally qualified voters in the City of Bessemer equal to four legally qualified voters for each one hundred inhabitants of said city or fractional part thereof according to the last Federal census, sign said petition or petitions, said Complainant says that the said petition or petitions filed with said Commission, although having thereon, to-wit, 1590 names, did not contain the number of signatures of legally qualified voters of the City of Bessemer as required by said Section 60, Title 37, Code of 1940, in that there appears on said petition or petitions the names and signatures of, to-wit, 100 persons who are not' legally qualified voters in the City of Bessemer; to-wit, 300 persons who did not in fact sign said petition or petitions, or whose names were not signed thereto in their presence and at their direction; and, to-wit 300 persons who withdrew their names and signatures therefrom by petition filed with said Board of Commissioners on, to-wit, 3rd day of July, 1947, at 2:00 o'clock p. m.; and that when these said withdrawn and illegal names and signatures of said persons totaling, to-wit, 700 are eliminated therefrom the remainder will be less than 916 names which is the minimum number permitted and authorized by said Section of the Code for the calling and holding of such election."

The appellee by demurrer to the bill as amended challenged the sufficiency of the allegations undertaking to classify names illegally on the two petitions, or withdrawn therefrom, reducing the number of qualified electors below the minimum of 916, necessary to confer jurisdiction on the city commissioners to call the election, and now contends that, construing the allegations of the bill most strongly against the pleader, they do not exclude the fact that the first 100 names mentioned were included in the first 300 mentioned and that the first 300 mentioned were not the same 300 who withdrew their names from the said petition on the 3rd day of July, 1947, at "2:00 o'clock p. m."

After due consideration in conference the opinion prevails that appellee's contention is without merit. When the 100 names of persons who were not qualified voters are added to the 300 persons who did not affix their signature to the petition in person or by one in their presence and with their approval and authority, and the 300 who withdrew their names, constituting a total of 700, are excluded, there remain only 890 names, bringing the signers below the minimum of 916.

We note in the opinion of the circuit court accompanying the decree sustaining the demurrer to the bill as amended that the court observed: "While the authorities hold that signatures may be valid when made by another in the presence of and at the direction of the intended signatory (Harwell v. Zimmerman, 157 Ala. 473, 47 So. 722), yet they do not hold that such is the only way one may authorize another to execute a valid signature for him, such as for instance by power of attorney." Our interpretation of the statute, Code of 1940, Tit. 37, § 60, is that it deals with political power in requiring the petition for calling the election to be "*signed* by at least a number of qualified voters equal to four for every one hundred inhabitants of said city,

382

or fraction thereof, according to the last federal census," and contemplates a signing by the qualified electors in person or by another in his presence and with his approval, such person signing in the latter instance being the mere instrument of affixing the signature. The statute does not contemplate a signing through *an attorney in fact or other agency*. To approve such signing would open a door to obtaining fraudulent signatures in the face of the declared public policy embodied in the statute. We, therefore, hold that the defendant's demurrer to the bill was not well taken and that the court erred in sustaining the same.

The decree is, therefore, reversed and a decree here rendered overruling the demurrer and remanding the cause. The defendant is allowed 30 days from the filing of the mandate with the register within which to further plead.

Reversed, rendered and remanded.

FOSTER, LIVINGSTON, and SIMPSON, JJ., concur.