CITY OF LINCOLN, APPELLANT, V. EDWARD T. MCLAUGHLIN ET AL., APPELLEES.

FILED MAY 10, 1908. No. 14,799.

1. **Cities: STREETS: LIMITATIONS.** The general statute of limitations has no application to an action brought by a city, town or village for the recovery of the title or possession of a public road, street, alley, or other public ground.

2. **Estoppel.** In order to constitute an equitable estoppel by silence or acquiescence, it must be made to appear that the facts upon which it is sought to make the estoppel operate were known to the parties against whom the estoppel is urged.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*E. C. Strode* and *Dennis J. Flaherty,* for appellant.

*T. J. Doyle, contra.*

JACKSON, C.

In 1888 Chase platted an addition to the city of Lincoln, known as "Chase's Second Subdivision." The plat covered an extension of Washington street. J. C. Williams purchased lots 7 and 8 in block 1 of this subdivision in 1892, and in 1893 erected a dwelling house thereon, which by mistake was partially extended into the street. A mortgage given by Williams and his wife was foreclosed on these lots, and a sheriff's deed issued to Francis M. Metcalf and Betsy M. Doubleday on August 9, 1899. Edward T. McLaughlin acquired title through the grantees at the sheriff's sale on May 25, 1903. This action was instituted by the city of Lincoln in January, 1905, to recover the possession of that portion of the street covered by the dwelling house erected by Williams. The answer denies that any part of the dwelling is in a street of the city; alleges that the house was erected by Williams where it now stands, with the consent and by the direction of the city of Lincoln; and contains a plea of adverse possession. The defendants had judgment, and the city appeals.

The principal contention of the defendants is that the city is equitably estopped from now enforcing its right to possession. The doctrine of estoppel, however, has no application under the facts presented by the record. There is an entire lack of evidence that the city authorities knew that the house was being erected, or any part of the street occupied by Williams for private purposes, until after the dwelling was completed. In order to constitute an equitable estoppel by silence or acquiescence, it must be made to appear that the facts upon which it is sought to make the estoppel operate were not only unknown to the party urging it, but that they were known to the party against whom the estoppel is urged. *Nash v. Baker,* 40 Neb. 294. The general statute of limitations does not run against the right of a city, town, or village to maintain an action for the recovery of the title or possession to a public road, street, alley, or other public grounds. Code, sec. 6.

The judgment finds no support in the record, and we recommend that it be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.