Home Pattern Co. v. Gore.

---

HOME PATTERN COMPANY, APPELLEE, V. CHARLES A. GORE, DEFENDANT.

RICHARDSON DRY GOODS COMPANY, APPELLEE, V. CHARLES A. GORE, DEFENDANT:
CHARLES CROCKER ET AL., APPELLANTS.

FILED MAY 23, 1925. No. 23141.

Fraudulent Conveyances: SALE IN BULK. One who obtains possession of a stock of merchandise pursuant to a purchase thereof in bulk, without having complied with the provisions of section 2561, Comp. St. 1922, commonly known as the "Bulk Sales Law," will be held to be a trustee for the benefit of the creditors of his vendor and liable as garnishee.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. *Affirmed.*

*E. O. Kretsinger,* for appellants.

*Hazlett, Jack & Laughlin, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

These two cases were consolidated and tried together below, and, since both cases present the same issues and the decision in one will be controlling in both, it is not necessary that a full discussion be given each case. For convenience we will discuss only the case of the Richardson Dry Goods Company.

This action was brought to recover for merchandise sold by plaintiff to Charles A. Gore, doing business under the trade name of the "Gore Mercantile Co.," in the village of Liberty, Nebraska. Plaintiff recovered judgment against Gore for the amount of its claim and now seeks to enforce that judgment by this proceeding in garnishment brought against defendants Charles Crocker and Charles Doty who purchased the stock of goods and business of Charles A. Gore after the debt on which the judgment is based was contracted.

Upon hearing in the garnishment proceeding, the evidence showed that Charles A. Gore had been engaged in the general retail mercantile business, and that in October, 1921, Charles Crocker and Charles Doty bought his stock of goods and took over the business. At the time the sale was made, Charles A. Gore was indebted to the Richardson Dry Goods Company for merchandise purchased and placed in his general stock. In the contract by which Gore sold his stock of goods to Crocker and Doty it was provided that an appraisement should be made, to ascertain the wholesale value of the goods, by a representative of some wholesale company. For the purpose of making this appraisment, one Chapman, who was in the employ of the Richardson Dry Goods Company went to Liberty, at the request of Gore, and spent several days invoicing the stock. After the appraisement was completed, Crocker and Doty took possession of the merchandise.

The court found for plaintiff and against the garnishees, holding that the parties to the sale had not complied with the provisions of section 2561, Comp. St. 1922, known as the "Bulk Sales Law," in that no notice of the sale or terms

thereof had been given to the creditors of the Gore Mercantile Company. From this finding and the judgment entered thereon, garnishees have appealed.

It is the contention of appellants that appellee, receiving a request that a representative be sent to invoice the stock of goods, was sufficiently apprised of the sale as required by the statute, and that, by allowing this representative to participate in the work of valuing the stock, appellee waived any rights it may have had under the bulk sales law.

Section 2561, Comp. St. 1922, among other provisions, contains this requirement:

"The purchaser shall, at least five days before taking possession of such merchandise, or paying therefor, notify personally, or by registered mail, every creditor whose name and address are stated in said list, of the proposed sale, trade or other disposition and of the price, terms and conditions thereof."

The record nowhere shows that the purchaser sent the required notice to any creditor, as the statute plainly says he should do, for the only communication between any of the parties to the sale and the creditor was the request made by Gore, the seller, that a representative of the creditor be sent to make the appraisment. This request by Gore cannot be construed to be a notice sufficient to comply with the statute, for it does not appear that this communication contained any notice of the price, terms or conditions of the sale. Nor does the participation of Chapman in the routine work of appraising the stock amount to a waiver on the part of appellee of its rights under the bulk sales law. The record shows that, in performing these duties, Chapman was acting, not as the agent of appellee, but as the agent of both the parties to the sale in enabling them to arrive at the fair value of the stock of goods. Further, it is not shown that Chapman's position with appellee was such that, even *had* he had full knowledge of all the terms of the transaction, such knowledge would be chargeable to his employer and his subsequent acts amount to a waiver by them of the protection afforded them by the statute.

From the above, we conclude that the parties to the sale, Charles A. Gore and Crocker and Doty, did not comply with the provisions of section 2561, Comp. St. 1922, and that full compliance was not waived by any act of appellee. The court did not err in entering judgment against garnishees. *Appel Mercantile Co. v. Barker,* 92 Neb. 669; *Interstate Rubber Co. v. Kaufman,* 98 Neb. 562.

The judgment of the district court is right in each case, and is

AFFIRMED.

Note—See Fraudulent Conveyances, 27 C. J. sec. 892 (1926 Ann.).