CHARLES CECH, APPELLANT, v. JOHN H. COSTELLO, APPELLEE.

FILED JUNE 15, 1928. No. 25853.

*Wallace S. Porth* and *McElfresh & Walker,* for appellant.

*W. M. Cain* and *B. F. Farrell, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and HOWELL, JJ., and CLEMENTS and REDICK, District Judges.

CLEMENTS, District Judge.

This action was brought by Charles Cech against John H. Costello to recover $2,850.81, interest, and costs.

The plaintiff pleads that he was a creditor of one Walter Wolfe, the owner of a stock of merchandise, in Schuyler, Nebraska; that such stock of merchandise was sold in bulk to the defendant, John H. Costello; that in such sale no attempt was made to comply with the bulk sales law; that the plaintiff's claim was not paid, but was reduced to judgment; that an execution issued thereon and was returned unsatisfied; that an affidavit for garnishment in aid of execution was filed in the district court for Colfax county against the defendant; that the defendant answered therein, and that his answer was unsatisfactory.

The defendant, as a defense to this action, pleads in substance: Admits the purchase of the goods; alleges that the plaintiff had actual notice of the sale, but did not seek to enforce his claim until nearly a year after the sale and until the purchase price of the goods had been fully paid, and claims that the plaintiff is thereby estopped to recover from the defendant under the provisions of the bulk sales law.

The case was tried to a jury. At the close of the evidence each party moved for a directed verdict. The court discharged the jury, entered a finding for the defendant, and dismissed the action. The plaintiff appeals.

The facts in this case are not greatly in dispute and, as shown by the pleadings and evidence, are as follows:

On January 1, 1922, one Walter Wolfe was indebted to the plaintiff in the sum of $2,500 for wages as a farm laborer, and on that date made and delivered to the plaintiff his promissory note to evidence such indebtedness, due and payable one year from date. Said Walter Wolfe, at the time said note was given, was the owner of and operated a grocery and meat business in the city of Schuyler, Nebraska. He continued to own and operate said store until March 25, 1923, when he sold the same to the defendant for the sum of $17,000; $8,000 of which was for the stock of merchandise. At the time of this sale, the note of the plaintiff was due and unpaid, and plaintiff was a creditor of the seller of said goods. The sale of the merchandise was made in bulk, and no attempt was made to comply with the provisions of the bulk sales law. Comp. St. 1922, sec. 2561. The contract of sale was signed March 25, 1923. The invoice was taken Sunday, March 26, 1923, and the possession of the store and merchandise turned over to the purchaser on the evening of that day. No inventory was taken five days before the sale. The purchaser did not demand or receive of the seller a written list of names and addresses of creditors of the seller, with the amount due or owing to each; nor did the purchaser, five days before taking possession of such merchandise or paying therefor, notify personally, or by registered mail, the creditors of the seller, of the proposed sale, and of the price, terms and conditions thereof. On the day that the sale was made, the plaintiff was working on the farm of Walter Wolfe, some distance from Schuyler. On that evening he came to Schuyler, and learned from his mother that a sale of the Wolfe store had been made. He went to the store on that evening, and saw the defendant behind the

counter, serving customers. He went to the store the next day, Sunday, and found it locked. He looked through the window and saw an invoice being taken. He learned the next day, Monday, that the sale had been completed, but did not learn then, nor until after the garnishment proceedings had been commenced, the terms and conditions of the sale. He waited about one year before bringing suit on his note.

From these facts the trial court found he was estopped from asserting his claim as a creditor against the purchaser of the goods, under the provisions of the bulk sales law. In this, we think the court erred.

"One who obtains possession of a stock of merchandise pursuant to a purchase thereof in bulk, without having complied with the provisions of section 2561, Comp. St. 1922, commonly known as the 'Bulk Sales Law,' will be held to be a trustee for the benefit of the creditors of his vendor and liable as garnishee." *Home Pattern Co. v. Gore,* 113 Neb. 535.

Defendant Costello concedes that this is the law applicable to sales of merchandise in bulk, and concedes that in the sale to him of the Wolfe stock the bulk sales law was not strictly complied with, but contends that the plaintiff had knowledge of the sale before its completion, and could have readily estimated the probable price, terms and conditions, and that this was a sufficient substituted compliance with the statute, citing, *Home Pattern Co. v. Gore, supra.* There is nothing in this case to sustain such a theory. In the *Gore* case, the court said:

"The record nowhere shows that the purchaser sent the required notice to any creditor, as the statute plainly says he should do, for the only communication between any of the parties to the sale and the creditor was the request made by Gore, the seller, that a representative of the creditor be sent to make the appraisement. This request by Gore cannot be construed to be a notice sufficient to comply with the statute, for it does not appear that this communication contained any notice of the price, terms or condi-

tions of the sale. Nor does the participation of Chapman in the routine work of appraising the stock amount to a waiver on the part of appellee of its rights under the bulk sales law."

If notice to a creditor that a sale is being made and participation of a representative of the creditor in the invoice and appraisement of the merchandise is not a sufficient notice under the statute, how can it be said that knowledge by the creditor that a sale is in progress and an invoice being taken, derived, not from the parties to the sale, but casually, will constitute such notice, and how would a farm laborer, by looking through a window at an invoice of a stock of merchandise being sold, be able to estimate the probable price, terms and conditions of such sale. The court is satisfied that there was not a sufficient compliance with the bulk sales law, and that defendant, Costello, in the purchase of the Wolfe stock became a trustee for the benefit of Wolfe's creditors, of which the plaintiff was one.

The defendant says, however, even if this be true, the plaintiff cannot recover herein because he is estopped to assert his claim against the defendant by his laches in not bringing any suit on his note for nearly one year after the sale of the merchandise, and after this defendant had paid the full purchase price thereof. No time limit is fixed by the terms of the bulk sales law within which a creditor must assert his right against a purchaser who buys without compliance with the provisions of the law. Ordinarily, and in the absence of facts which constitute an equitable estoppel, a creditor under the bulk sales law may assert his right against one who has purchased in bulk the merchandise of his debtor without compliance with the provision of such law at any time within the general statute of limitations. There can be no equitable estoppel in this case for two reasons:

"In order to constitute an equitable estoppel by silence or acquiescence, it must be made to appear that the facts upon which it is sought to make the estoppel operate were

known to the parties against whom the estoppel is urged."
*City of Lincoln v. McLaughlin*, 79 Neb. 74.

The only possible theory upon which an equitable estoppel in this case can be based is that plaintiff did not attempt to assert his right until after the defendant had paid the last instalment of the purchase price, and thus changed his position to his damage. But the plaintiff had no knowledge that there were any deferred instalments. The terms and conditions of the sale were not made known to him. He had a right to assume that the purchase price had been paid at the completion of the sale.

A buyer of a stock of merchandise in bulk, who negligently fails to require the seller to furnish him a certified list of his creditors, will not be heard to assert mere laches as against a creditor who fails to promptly notify him of his claim, or take steps to enforce it.

Charles Cech was a farm laborer, unacquainted with his rights under the law. He knew nothing of the terms or conditions of the sale. He attempted to collect his claim without applying to the defendant. A procedure which, if it had been successful, would have been to the benefit of the defendant. He was forced to turn to the defendant or lose his claim.

There are, in the record, no facts that justify a finding that he was estopped to bring this action.

The judgment of the district court is, therefore, reversed, and the cause remanded for further proceedings.

REVERSED.