NICHOLAS WULLENWABER ET AL., APPELLEES, V. MICHAEL DUNIGAN ET AL., APPELLANTS.

. [FILED DECEMBER 22, 1890.]

1. **Railroads:** BOND PROPOSITION. A proposition to issue bonds to a railway company is in the nature of a contract, upon the acceptance of which both parties are bound by the agreement.

2. ———: ———: AGENT: REPRESENTATIONS. Where certain petitioners were induced to sign a petition calling an election in K. township, Seward county, upon the representations of an agent of the railway company that the depot would be located on section 16 of said township, when in fact the depot was afterwards located on section 17, *held*, that the company was bound by the representations of its agents, and that persons who had been deceived thereby and induced to sign the petition might set up such facts to enjoin the issuing of the bonds.

3. ——— : ———: ELECTION : PETITIONERS. At least fifty freeholders, resident of the township, etc., must sign a petition to the county commissioners requesting them to call an election in said township for the purpose of voting aid for a railway. Without a petition so signed by the full number required, the commissioners have no jurisdiction.

APPEAL from the district court for Seward county. Heard below before NORVAL, J.

*George W. Post,* and *D. C. McKillip,* for appellants, cited: Mechem, Agency, secs. 714, 716, 743 and notes, 747 and note, 750; *Montgomery S. R. Co. v. Mathews,* 77 Ala., 357; Hilliard, Inj., 295–6; *Helms v. McFadden,* 18 Wis., 201; 2 Whart., Ev., secs. 797, 932; *Perkins v. Lougee,* 6

Neb., 223; *Ex parte Fisher,* 18 Wend. [N. Y.], 609; *Long v. Woodman,* 58 Me., 49; *Graves v. Hedges,* 58 Pa. St., 540; *Ranney v. People,* 22 N. Y., 417; *Com. v. Mishey Brenneman,* 1 Rawle [Pa.], 311; 1 Woods, R. Law, sec. 33, and p. 81, secs. 112–13–14, 120; *Martin v. Pensacola R. Co.,* 8 Fla., 370; *Carlisle v. Evansville R. Co.,* 13 Ind., 477; *Miss. R. Co. v. Cross,* 20 Ark., 443; *Holbrook v. O'Berne,* 9 N. W. Rep., 291; *B. C. R. & M. R. Co. v. Palmer,* 42 Ia., 228; *First Nat'l Bk. of Cedar Rapids v. Hurford,* 29 Id., 585; 1 Wood, R. R., 110, 111, note 6, 112 to 120; 1 Parsons, Cont., 71; *C. R. & M. R. Co. v. Boone Co.,* 34 Ia., 51; *State v. Lake City,* 25 Minn., 404; *Platteville v. Galena,* 43 Wis., 493; *People v. Klokke,* 92 Ill., 134; *Burns v. Campbell,* 71 Ala., 271; Ewall's Evans, Agency, 64, 70, 71; 4 Coke, Institutes, 317; Story, Agency, secs. 239, 240; *Townsend v. Lamb,* 14 Neb., 324; *Platteville v. R. Co.,* 43 Wis., 493; *E. L. & R. R. Co. v. Garrett,* 52 Tex., 133; *B., & M. L. R. Co. v. Brooks,* 60 Me., 568; 6 Am. & Eng. Ency. L., 738, 895; 1 Washb., Real Prop. [5th Ed.], 57; *Gage v. Scales,* 100 Ills., 218, 221, 895; 6 International Ency., 885; *M. & S. R. Co. v. Matthews,* 24 Am. & Eng. R. Cas., 9; 1 Redfield, Railways [5th Ed.], 172–3; *Franklin Glass Co. v. Alexander,* 9 Am. Dec., 92; *Hanover Junc. R. Co. v. Haldeman,* 82 Pa. St., 36; *Caley v. P. & C. R. Co.,* 80 Id., 363; *Kotsenbader v. Peters,* Id., 438; *Lippincott v. Whitman,* 83 Id., 244; *Brownlee v. R. Co.,* 18 Ind., 68; *Hardy v. Merriweather,* 14 Id., 203; *Anderson v. O. R. Co.,* 14 Id., 169; *Prees v. Davis,* 29 Mo., 184; *Hodges v. Torrey,* 28 Id., 103; Cooley, Torts, 475, 483, 487, 502; 1 Story, Eq., secs. 199, 200, 203, 203a, 203b; *Wall v. Stubble,* 10 Vesey, Jr. [Eng.], 509; *Dyer v. Hargrave,* Id., 505; *Anderson v. Burnett,* 35 Am. Dec., 426; *Bell v. Henderson,* 6 How. [Miss.], 313; *Juzan v. Toulmin,* 44 Am. Dec. 452; Kerr, Fraud & Mistake, 382, 383; *Custar v. Titusville,* 63 Pa. St., 381; *Vicksburg R. Co. v. McKean,* 12 La. Ann., 638; *Crossman v. Penrose Co.,* 26 Pa. St., 69; *Hughes*

*v. Antietam Co.*, 34 Md., 317; *Kelsey v. N. L. Co.*, 54 Barb. [N. Y.], 111; *Walker v. Mobile R. Co.*, 34 Miss., 245; *Anderson v. R. Co.*, 14 Ind., 169; *Johnson v. Crawfordsville*, 11 Ind., 280; *Mabey v. Adams*, 3 Bosw. [N. Y.], 346; *Upton v. Tribilcock*, 1 Otto [U. S.], 45; *Goodrich v. Reynolds*, 31 Ill., 490; *Saffold v. Barnes*, 39 Miss., 399; *Uppfalt v. Nelson*, 18 Neb., 533; *Gammage v. Alexander*, 41 Tex., 418; *Teal v. Terrell*, 48 Id., 491; Whart., Ev., sec. 1174; *Williams v. Lowe*, 4 Neb., 393; *Pratt v. Philbrook*, 41 Me., 132; *Tuck v. Downing*, 76 Ill., 71; *Whiting v. Hill*, 23 Mich., 399; *Bowman v. Carithers*, 40 Ind., 90; *Stitt v. Little*, 63 N. Y., 427; *Phipps v. Buckman*, 30 Pa. St., 401; 1 Greenleaf, Ev., 113, 114; *Chapman v. R. Co.*, 55 N. Y., 584; *Gilman v. R. Co.*, 13 Allen [Mass.], 441; *Livingston v. R. Co.*, 35 Ia., 556; *Verry v. R. Co.*, 47 Id., 549; *Martin v. Farnsworth*, 49 N. Y., 558; *Trudo v. Anderson*, 10 Mich., 357; *Rice v. Club of G. R.*, 52 Id., 87.

*Norval Bros. & Lowley*, for appellees, cited: *State v. Babcock*, 21 Neb., 187; *Williams v. Holmes*, 2 Wis., 9; *Damp v. Dane*, 29 Id., 427; *Canfield v. Smith*, 34 Id., 381; *Eldred v. Leahy*, 31 Id., 546; *Galbraith v. Plasters*, 101 Ill., 444; *Gage v. Busse*, 94 Id., 590; *Sinnett v. Moles*, 38 Ia., 25; *Curry v. Board*, 15 N. W. Rep., 602; *Henderson v. R. Co.*, 67 Am. Dec., 675; *Crump v. Mining Co.*, 56 Id., 116; *Wickham v. Grant*, 28 Kan., 517; *Melendy v. Keen* 89 Ill., 395; *Sanford v. Handy*, 23 Wend. [N. Y.], 260; *Burhop v. Milwaukee*, 18 Wis., 453; *McClellan v. Scott*, 24 Id., 81; *Davis v. Dumont*, 37 Ia., 47; *Vreeland v. Stove Co.*, 29 N. J. [Eq.], 188; *People v. Supervisors*, 67 Ill., 57; *People v. Ry. Co.*, 63 Id., 374; *People, ex rel., v. Jackson Co.*, 92 Id., 441; *Platteville v. R. Co.*, 43 Wis., 493.

MAXWELL J.

This is an action to enjoin the issuing of certain bonds of K. township, in the county of Seward, and to have said

bonds canceled and delivered up and declared null and void. The pleadings, which are very lengthy, need not be set out in this opinion.

On the trial of the cause the court made findings and rendered judgment as follows:

"Now on this 29th day of December, 1888, this cause, heretofore tried on a former day of the present term of court and taken under advisement, came on for decision and judgment; and the court, being now fully advised in the premises does find the issues joined in favor of the plaintiffs, and that the injunction heretofore allowed and granted and issued herein ought to be made perpetual, and that the bonds now under custody of the court, in the hands and keeping of S. C. Langworthy, ought to be canceled and held for naught, and that the said colorable and the apparent record of the proceedings of the board of supervisors of Seward county, recorded in Commissioners' Record No. 4, pages 94 to 98 inclusive, and on pages 127 to 131, so far as the same relates to the calling of an election and the voting of bonds in said K. township, is incorrect, unauthorized, and ought to be canceled, set aside, and held for naught. It is therefore by the court considered, ordered, and adjudged that the said bonds and the proposition for their issue and the election held and proceedings had and done in pursuance thereto in reference to the issue of said bonds of K. township, in Seward county, Nebraska, were unauthorized by law and void, and that the same and all proceedings of the said board of supervisors in reference thereto be held for naught; that the said defendants, their successors in office or assigns, are perpetually enjoined and restrained from delivering or authorizing the delivery in any capacity whatever of the said bonds or any of them to the said defendant railroad company, and from negotiating or transferring them or any of them at any time; and the said defendant railroad company, its officers, assigns, agents and successors, are each of them restrained from receiving,

claiming, assigning, or negotiating said bonds or any of them, and from in any way holding the same to be valid; that the said board of supervisors and county clerk and their successors in office are severally enjoined and restrained from signing, authenticating, or in any way validating said election, canvass on the question submitted at said special election, or the record of said proposition submitted, or the record of the board of supervisors thereon, and from in any way giving color of validity of said proceedings or any of them, and from recognizing in any way the same to be valid."

To authorize a precinct, township, or village to issue bonds the statute requires: "A petition signed by not less than fifty free-holders of the precinct, township, or village to be presented to the county commissioners, or board authorized by law to attend to the business of the county within which such precinct, township, or village is situated. Said petition shall set forth the nature of the work contemplated, the amount of the bonds sought to be voted, the rate of interest, which shall in no event exceed eight per cent per annum, and the date when the principal and interest shall become due, and the said petitioners shall give bond, to be approved by the county commissioners, for the payment of the expenses of the election, in the event that the proposition shall fail to receive a two-thirds majority of the votes cast at the election."

It appears from the record that fifty persons did sign the petition, and that thereupon the election was duly called and held, and the bonds declared carried. This election appears to have been held before the depot in the township of K., Seward county, was located. There is a large amount of testimony in the record tending to show that a considerable number of the signers of the petition were induced to sign the same by representations of the agents of the railroad company that a freight and passenger depot on

56

the line of said railroad would be located upon section 16 of said township.

The depot finally was located on section 17 of said township. A proposition to issue bonds to aid in the construction of a railway is in the nature of a contract, which, when accepted, is binding upon the respective parties. Hence, if the electors, through false or fraudulent representations, have been induced to vote bonds to aid in the construction of such railway, a court of equity in a proper case will grant relief. (*Curry v. Board of Supervisors*, 15, N. W. Rep., 602; *Sinnett v. Moles*, 38 Ia., 25; *Henderson v. San Antonio, etc., R. Co.*, 67 Am. Dec., 675; *Crump v. U. S. Mining Co.*, 56 Id., 116; *Wickham v. Grant*, 28 Kan., 517.)

Where parties have been induced by false representations to sign a petition calling an election to vote aid to a railway, they may set up such false representations as grounds for enjoining the issuing of the bonds. (*Sinnett v. Moles et al.*, 38 Ia., 25; *Curry v. Board of Supervisors, etc.*, 15 N.W. Rep. 602; *Wickham v. Grant*, 28 Kan., 517; *Melendy et al., v. Keen*, 89 Ill., 395; *Sandford v. Handy*, 23 Wend., 260; *Burhop v. City of Milwaukee et al.*, 18 Wis., 431; *McClellan v. Scott et al.*, 24 Wis., 81; *Davis & Co. v. Dumont*, 37 Ia., 47; *Vreeland v. New Jersey Stone Co.*, 29 N. J. Equity, 188.)

If, therefore, the plaintiffs were induced to sign the petition by false representations, they have a right to set up such representations to prevent the issuing of the bonds. It is claimed, however, that the persons who procured the signatures to the petition were not the agents of the railway company, and therefore such company cannot be affected by their statements. This question was before the supreme court of New York, in *Sandford v. Handy*, 23 Wend., 265, and the opinion delivered by Chief Justice Nelson, who says: " The distinction between a *general* and *special* agent has often been the subject of discussion in ad-

Wullenwaber v. Dunigan.

judged cases, and by elementary writers, but it is not particularly important here, as this is conceded to be a case of *special agency*. Our inquiry is more especially directed to ascertain the extent of the principal's responsibility in cases of this character; or rather, confining it more particularly to the point before us, to what extent and to what circumstances will the principal be held responsible for the representations and declarations of the agent.

"Mr. Justice Story, in his recent valuabl ecommentaries on the subject, p. 126, lays down the general rule, and which is as applicable to special as to general agents, that, 'where the acts of the agent will bind the principal, then his representations, declarations, and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting part of the *res gestœ*.' He further observes that 'for most practical purposes, a party dealing with an agent, who is acting within the scope of his authority and employment, is to be considered as dealing with the principal himself. If it is the case of a contract, it is the contract of the principal. If the agent, at the time of the contract, makes any representation, declaration, or admission touching the subject-matter of the contract, it is the representation, declaration, or admission of the principal.' These principles are fully borne out by the several authorities referred to—are founded in good sense and with a just conception of the commercial and other business transactions of life from which they have been derived." This, we think, is a correct statement of the law.

If a person employed by a railway company in a special matter, as to procure signatures to a petition for the calling of an election to vote bonds in aid of such railway, the company will be bound by the representations of such agent made in any matter pertaining to his duties; in other words, a principal, by availing himself of the acts of an agent, must adopt the same *in toto* and cannot adopt that which is beneficial and reject that which is detrimental.

This rule was recently applied by this court in *Donisthorpe v. F., E. & M. V. Ry. Co., ante,* p. 142, and the company held responsible for the representations of the agent.

In the case at bar it is clearly shown that a number of the petitioners were induced to sign the petition by representations made on behalf of the railway company, that the depot would be located on section 16. There is no pretense that the depot has been located on that section. The appellant contends that it was located on section 17, and therefore is more advantageous to some of the plaintiffs than if located on section 16. It is sufficient to say that the original proposition under which a number of the plaintiffs were induced to sign the petition was that the depot would be located on section 16. If the company may remove it to section 17 it may remove it to the extreme limits of the township.

We cannot make a new contract for the parties. The plaintiffs are entitled to a performance of the condition under which they are induced to sign the petition for the election to vote the aid. And as it is apparent that the company has not performed its part of the agreement, hence it is not entitled to the bonds. It is contended on behalf of the plaintiff in error that fraud cannot be predicated on a promise not performed. *Perkins v. Lougee,* 6 Neb., 220, is cited to sustain that position. That action was brought for the purchase money of the sale of a lot which the defendant had personally examined before purchasing, and he alleged as a defense that the plaintiff, to induce him to purchase the same, had falsely represented to him that he was about to erect a large brick hotel on a lot near that sold to the defendant. It was held that such promise was not actionable, and as the party had personally viewed the lot before purchasing that he must pay for the same. In the case at bar, however, the inducement or consideration for signing the petition calling the election was the location of the depot on section 16. The case therefore differs from that of *Perkins v. Lougee.*

Some objection is made to a number of the signers of the petition on the ground that they are not freeholders. It is unnecessary to examine this question. It is sufficient to say that it is indispensable that a petition requesting the calling of an election must be signed by at least fifty freeholders, and without such petition such commissioners have no jurisdiction. The judgment of the district court is right and is

AFFIRMED.

COBB, CH. J. concurs.

NORVAL, J., having tried the case in the court below, took no part in the decision.