WILLIAM NASH, APPELLANT, V. NELSON A. BAKER ET AL., APPELLEES.

FILED APRIL 17, 1894. No. 5147.

1. **Estoppel.** In order to constitute an equitable estoppel by silence or acquiescence, it must be made to appear that the facts, upon which it is sought to make the estoppel operate, were known to the party against whom the estoppel is urged and unknown to the party urging it.

2. **Bonds to Aid in Construction of Railroad.** *Nash v. Baker*, 37 Neb., 713, reaffirmed.

REHEARING of case reported in 37 Neb., 713.

*Calkins & Pratt* and *H. M. Sinclair,* for appellees:

The undisputed testimony shows that the appellant and those on whose behalf he brings this action stood by and permitted, without complaint or objection, the Kearney & Black Hills Railroad Company to complete its part of the contract, at a large expenditure of money, on the result of the election and the faith and expectation that it would receive the bonds. These facts raise an equitable estoppel as against them, and therefore they cannot now maintain this suit to enjoin the issuance of these bonds on the ground of fraudulent representations. (*Horn v. Cole,* 51 N. H., 287; *Burlington, C. R. & M. R. Co. v. Stewart,* 39 Ia., 267 ; *Johnson v. County of Stark,* 24 Ill., 75 ; *Mahaska Co. R. Co. v. Des Moines V. R. Co.,* 28 Ia., 437 ; *Helenkamp v. City of Lafayette,* 30 Ind., 192 ; *Palmer v. Stumph,* 29 Ind., 329 ; *Motz v. City of Detroit,* 18 Mich., 496 ; *Brown v. Bowen,* 30 N. Y., 519 ; *Prettyman v. Supervisors of Tazewell County,* 19 Ill., 406 ; *Zabriskie v. Cleveland, C. & C. R. Co.,* 23 How. [U. S.], 381 ; *Lamb v. Burlington, C. R. & M. R. Co.,* 39 Ia., 333 ; *Ellis v. Karl,* 7 Neb., 381 ; *Dawson County v. McNamar,* 10 Neb., 282 ; *Forbes v. McCoy,* 24 Neb., 706 ; *Fremont Ferry & Bridge Co. v. Dodge County,* 6 Neb., 18 ; *Michigan P. M. & M. Co. v. Parsell,* 38 Mich., 475 ; *Studdard v. Lemmond,* 48 Ga., 100 ; *Markland M. & M. Co. v. Kimmel,* 87 Ind., 560 ; *Griffin v. Nichols,* 51 Mich., 575 ; *Gleason v. Owen,* 35 Vt., 598 ; *Wheeler v. New Brunswick & C. R. Co.,* 115 U. S., 29 ; *Texas & St. L. R. R. Co., v. Robards,* 60 Tex., 545 ; *Commissioners of Morris Co. v. Hinchman,* 31 Kan., 729 ; *Kirk v. Hamilton,* 102 U. S., 68 ; *Leather Manufacturers Bank v. Morgan,* 117 U. S., 96 ; *City of Atlanta v. Gate City Gas Light Co.,* 71 Ga., 106 ; *Mayor of Athens v. Georgia R. Co.,* 72 Ga., 800 ; *Strosser v. City of Fort Wayne,* 100 Ind., 443 ; *State v. Wertzel,* 62 Wis., 184.)

*Greene & Hostetler* and *R. A. Moore, contra.*

IRVINE, C.

Upon a rehearing of this case we are entirely satisfied with the conclusion reached upon the first hearing and reported in 37 Neb., 713. The argument upon the rehearing is largely directed to the proposition that the evidence failed to establish some elements necessary to sustain a claim for relief on the ground of false representations. We think that each one of these elements is fairly established by the proof in the case, but if the case depended upon other principles the result would be the same. It is an incontrovertible fact that the contract of the voters, in view of the representations made and assurances held out, was for a railroad independent of other lines and not subject to the control of any other road. What they obtained was in fact a railroad practically owned and absolutely controlled by the Union Pacific Railroad Company, and bound to it by a close traffic agreement. Commenting upon certain language in the former opinion, as to the propriety of exercising the taxing power for such purposes, counsel insist that that question is for the legislative branch of the government and not for the courts. This may be conceded, but still, if taxes are to be imposed upon the whole body of taxpayers by a vote of a certain proportion of them for the purpose, not of exercising any legitimate function of government, but solely for the purpose of making a gift in aid of an enterprise *quasi*-public in its nature, but still of a business character, it is the duty of the courts to see that such power is not abused ; that the donees bring themselves within the strict terms of the grant, and that the donors receive precisely what they bargain for.

A single question argued upon the rehearing requires consideration, because not referred to in the former opinion. It is very strenuously insisted that the plaintiff, by

permitting the road to be constructed, is equitably estopped from maintaining the action. The principle of equitable estoppel might perhaps apply to some of the reasons urged in support of the injunction relating to the regularity of the proceedings resulting in the election and the canvassing of the returns; but the principle of equitable estoppel does not apply to the matters upon which the decision is based. Without resorting to a detailed review of the authorities, we think that the following extracts from Pomeroy's Equity Jurisprudence properly state the law upon the subject: "When one of two innocent persons, that is, persons each guiltless of an intentional moral wrong, must suffer a loss, it must be borne by that one of them who by his conduct, acts, or omissions has rendered the injury possible." (Pomeroy, Equity Jurisprudence, sec. 803.) "Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse." (Pomeroy, Equity Jurisprudence, sec. 804.) "These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time when such conduct was done, and at the time when it was acted upon by him." (Pomeroy, Equity Jurisprudence, sec. 805.)

The evidence in this case wholly fails to show that the plaintiff delayed an unreasonable time after learning the facts before instituting the suit, or that he was aware of the facts during the period of the construction of the road. The railroad company, on the contrary, was a party to the fraud. in fact the party committing the fraud, and pro-

ceeded with the construction with full knowledge of the facts. The principles of equitable estoppel do not apply to the case. Judgment according to the former order of this court.

JUDGMENT ACCORDINGLY.