WILSON HOXIE ET AL., APPELLANTS, V. BARRETT
SCOTT, TREASURER, ET AL., APPELLEES.

FILED MAY 22, 1895.    No. 5007.

Township Bonds: VALIDITY OF ELECTION: JURISDICTION OF
COUNTY COMMISSIONERS. Under section 14, chapter 45, Com-
piled Statutes, it is necessary, to confer jurisdiction upon county
commissioners to order the holding of an election on a proposi-
tion to vote bonds by a township in aid of a work of internal
improvement, that a petition should be presented to such com-
missioners signed by not less than fifty freeholders of such
township.

APPEAL from the district court of Holt county.    Heard
below before CRITES, J.

*H. E. Murphy*, for appellants.

*Seevers & Seevers, M. F. Harrington,* and *E. W. Adams,*
*contra.*

RYAN, C.

The appellants, by their petition filed in the office of the
clerk of the district court of Holt county, sought to enjoin
the collection from themselves of certain taxes levied to
pay upon the interest and a part of the principal of certain
bonds issued for Gratton township, in Holt county, by
the authorities of said county.    These bonds, thirty-six in
number, for $1,000 each, were issued August 1, 1890, to
the Nebraska & Western Railway Company, or bearer.
The facts upon which the cause was determined in favor
of the appellees were agreed upon and stated in a writ-
ten stipulation signed by both plaintiffs and defendants.
There seems to be some reliance by appellees upon the con-
ceded fact that before the maturity of the first coupon
which fell due these bonds were sold and transferred by the

railroad company to purchasers who bought with only such
notice as by the records and the law was of necessity im-
putable to them.    If the status of these purchasers is
such that the irregularity hereinafter referred to could
not affect their rights as *bona fide* holders of the above
bonds, our conclusion will in no way conclude them.
If, on the other hand, the result must be such that the
validity of the bonds for any purpose, and by whom-
soever held, shall of necessity be declared impossible, the
question of purchase of these bonds in good faith may in-
cidentally become one of little or no practical importance.
We shall not assume to pass upon the rights of holders of
the bonds as *bona fide* purchasers, because these parties are
not in court.    The proposition upon which this appeal
must be determined must be considered as though there
had been no sale of the bonds by the railroad company,
for, under the stipulation of facts which must govern, this
is the only proper subject of inquiry.    The following lan-
guage is quoted from this stipulation of facts: "It is ad-
mitted by the defendants in this case that the fifty-two
names signed to the petition requesting the county board
to submit to the electors of Gratton township the proposi-
tion to issue these bonds," and that "only thirty-five of
said fifty-two persons were actually freeholders in Gratton
township," etc.    It is not perceived why the word "actu-
ally" was used with the word freeholders, for its effect was
not to qualify that descriptive term.    This is especially
true in view of the rule that "if taxes are to be imposed
upon the whole body of taxpayers by a vote of a certain
proportion of them for the purpose, not of exercising any
legitimate function of government, but solely for the pur-
pose of making a gift in aid of an enterprise *quasi*-public
in its nature, but still of a business character, it is the duty
of courts to see that such power is not abused; that the
donees bring themselves within the strict terms of the
grant, and that the donors receive precisely what they

bargain for." (*Nash v. Baker*, 40 Neb., 294.)  Our con-
cern now is with that part of the stipulation in which the
defendants, in effect, conceded that only thirty-five signers
of the petition for the election, pursuant to which the
bonds were issued, were freeholders.  It is required by the
provisions of section 14, chapter 45, Compiled Statutes,
that the petition presented to the county commissioners for
an election to determine whether or not bonds shall be is-
sued in aid of a work of internal improvement must be
signed by not less than fifty freeholders of such township.
The want of jurisdiction of the county commissioners and
other officers clothed with like powers, with respect to
similar petitions, to act upon the petition of less than fifty
freeholders, or of a certain proportion of qualified electors,
is no longer a debatable question in this state. (*State v.
School District*, 10 Neb., 544; *State v. School District*, 13
Neb., 82; *Orchard v. School District*, 14 Neb., 378; *State
v. Babcock*, 21 Neb., 187; *Wullenwaber v. Dunnigan*, 30
Neb., 877; *Fullerton v. School District*, 41 Neb., 593.)  As
the county commissioners had presented to them no petition
upon which they had jurisdiction to order an election, the
bonds were issued without authority of law.  The judg-
ment of the district court is therefore

REVERSED.