33 So.2d 475

### BIRMINGHAM GAS CO. v. CITY OF BESSEMER et al.

6 Div. 639, 639–A.

Supreme Court of Alabama.

Dec. 18, 1947.

Rehearing Denied Jan. 22, 1948.

Huey, Welch & Stone, of Bessemer, and White, Bradley, Arant & All, of Birmingham, for appellant.

Edw. L. Ball, City Atty., H. P. Lipscomb, and L. Herbert Etheridge, all of Bessemer, for appellees.

GARDNER, Chief Justice.

The appeal by the Birmingham Gas Company is from a decree of the court below dissolving the temporary writ of injunction heretofore issued.

The bill sought to prevent by injunctive relief the City of Bessemer and its commissioners from the holding of a referendum election concerning a city ordinance granting to the Birmingham Gas Company a thirty year franchise contract.

The referendum statute is to be found in Title 37, § 60, Code 1940, wherein is the provision that during the time intervening between the final passage of the City's ordinance and the expiration of thirty days during which publication shall be made, as provided by statute, the legally qualified voters of said city may, by a written petition addressed to the Board of Commissioners, object to such grant, and, if, during said period such written petition, signed by at least a number of the qualified voters equal to four for every one hundred inhabitants of said city or fraction thereof, according to the last federal census, shall be filed with said Board, the Board shall forthwith order an election, at which election the legally qualified voters of said city shall vote for or against the proposed grant as set forth in said ordinance. It is this election which the bill seeks to enjoin, and is rested upon the theory that the petition filed with the City Commission did not have upon it the requisite number of qualified voters of the city of Bessemer.

If in fact the petition did not contain the requisite number of qualified voters of the city of Bessemer, the City Commission was without authority to order the referendum. This requirement of the statute is, we think, a condition precedent for the issuance of a call for an election and is jurisdictional. Hoxie v. Scott, 45 Neb. 199, 63 N.W. 387; Tacker v. Board of Commissioners, 126 Fla. 15, 170 So. 458; Duval County v. Jennings, 121 Fla. 584, 164 So. 356; Gill v. Wake County, 160 N.C. 176, 76 S.E. 203, 43 L.R.A., N.S., 293; 37 Am.Jur. 848-51.

The bill discloses that the ordinance adopted by the City Commission granted to the Birmingham Gas Company a franchise which was in the nature of a contract and embodied in the ordinance to run for a period of thirty years. We have repeatedly held that such an ordinance is not mere legislation, but one which creates a contract and property right entitled to protection by the courts. Or, to state it otherwise, our authorities are to the effect that a franchise grant, such as here involved, is the creation of a property right. Phenix City v. Alabama Power Company, 239 Ala. 547, 195 So. 894; City of Bessemer v. Birmingham Electric Co., 248 Ala. 345, 27 So.2d 565; Bush v. City of Jasper, 247 Ala. 359, 24 So.2d 543.

The complainant in this cause seeks injunctive relief not only upon the theory of a taxpayer, but upon the more substantial ground that it had a property right by virtue

of its franchise contract contained in this ordinance. Such a bill is readily distinguishable from those which seek to enjoin an election of purely a political nature. This was pointed out in our own case of Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, found cited in 70 A.L.R. 712.

Our cases support the theory that for the protection of a property right, as here involved, a resort to a court of equity for relief by way of injunction is justified. This appears to be in line with the current of authorities elsewhere. 42 Am.Jur. 667. The distinction above noted is also commented upon by the author of the notes to Wilkinson v. Henry, 70 A.L.R. at page 733.

In Dennis v. Prather, 212 Ala. 449, 103 So. 59, 62, this court, commenting upon the argument that if the election to be held is void it could be tested by other proceedings and there was no occasion for injunctive relief, said:

"We think this is not an adequate remedy. It means the useless incurring of all the expense, loss of time, and inconvenience of holding the election, and the confusion and uncertainty which would follow such conditions. * * *

. "All the expense and inconvenience to the voters and taxpayers of the county would be useless. It seems a plain duty to so determine beforehand. The rights and interests of the electorate are better promoted by a decision in advance, advising the commissioners of their want of power, and restraining them from proceeding with a meaningless and useless election."

Like reasoning was employed in City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816; and the case of Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703, likewise sustains this view. See also Petree v. McMurray, 210 Ala. 639, 98 So. 782.

We may add that in cases of this character our statute, Title 17, § 235, Code 1940, is without application. Dennis v. Prather, supra. Nor does it require any argument to demonstrate that § 1063, Title 7, Code 1940, has no application here, as the bill does not seek injunction against the enforcement of any municipal ordinance. On the contrary it seeks to preserve the ordinance passed in favor of complainant.

Indeed, counsel for appellee do not seriously question that complainant has here pursued the proper remedy. Their argument is rested upon the theory that the bill is without equity, in that there are no sufficient facts averred upon which to sustain the contention that the 1590 names on the petitions seeking the referendum election did not embrace the minimum of 916 qualified voters, the number of which would authorize the City Commission to hold this referendum election. We consider this the pivotal question in the case.

Upon a careful study of the bill, we are persuaded that its averments do not meet the requirements of equity pleading in cases of this character. Speaking of equity pleading in general, this court in Seals v. Robinson & Co., 75 Ala. 363, stated that it was a cardinal rule that a bill in equity must show with accuracy and clearness all matters essential to plaintiff's right to relief. These matters must not be made to depend upon inference, nor will ambiguous averments of them be accepted as sufficient. Some of the authorities appear to hold that this rule is peculiarly applicable where injunctive relief is sought against public officers in discharge of their official duties. 43 C.J.S., Injunctions, § 182.

We recognize the rule that so far as the equity of the bill is concerned, if the facts, whether well or poorly pleaded, make out a case for equity relief, all defects as to the manner or form of pleading will be considered as made. But as observed by this court in Woodward v. State, 173 Ala. 7, 55 So. 506, this presumption does not extend to the addition of facts not set forth.

We have presented, therefore, the question as to whether or not the bill meets the requirement of equity pleading as to statement of facts sufficient for injunctive relief. Reduced to its last analysis the question is, are there sufficient facts, whether well or illy pleaded, disclosing that the petitions before the City Commission did not contain the requisite number of at least 916 qualified voters of the city. In reaching a conclusion we must, of course, bear in mind the rule as stated in Seals v. Robinson & Co.,

supra, and frequently followed, that the bill must show with accuracy and clearness all matters essential to complainant's right to relief, which matters must not be left to depend upon inference.

The bill contains some allegations in regard to the fact that the City Commission did not make a study of the names and the qualification of the voters, and did not give to counsel for the complainant opportunity to argue the matter before the City Commission prior to the adoption of the referendum ordinance. But after all, if in fact the petitions did contain the requisite number of names then these averments are of no material consequence. Containing the required number, the conditions precedent had been met and the City Commission had jurisdiction to order the referendum election.

As we have previously observed, the bill discloses that the two petitions filed in this cause contained in the aggregate 1590 names, and that under the provisions of the statute, to which reference has been previously made, it was required only that there be upon the petition the names of 916 qualified voters of the city of Bessemer. True, the bill avers in general terms that notwithstanding these petitions contained 1590 names, yet they did not contain the number of signatures of legally qualified voters of the city of Bessemer, as required by law, in that when the illegal names and signatures appearing thereon are eliminated the remainder would be less than the number required by said section of the code. The bill then proceeds to state wherein the petitions contains illegal signatures. First, it is said that a large number of persons whose names appear thereon are not legally qualified voters of the city of Bessemer. Of course, this could be entirely true and still the required number of 916 be on the petitions. In the second place, the bill charges that a large number of the qualified voters whose names appear on the petitions did not in fact sign the said petitions; that it did not contain their genuine signatures. Of course, this could be entirely true and yet in no manner affect the validity of the signatures appearing thereon. This, for the simple reason that a qualified voter could well authorize some one to sign his name

thereto. We know of no provision of our law which would prevent such a method.

It is next charged that a large number of the qualified voters whose names appear on the petitions signed under a misrepresentation of the facts as to the provisions of the ordinance. Here again no number is given and the defendants are given no information as to whom the misrepresentations were made, or the exact character of such misrepresentations. In Wullenwaber v. Dunigan, from the Nebraska Supreme Court, 30 Neb. 877, 47 N.W. 420, 13 L.R.A. 811, there were averments of misrepresentation. But as we read the case, these were misrepresentations made to parties to the suit who were seeking injunctive relief and who evidently were looking for an advantage to be gained by them personally in the construction of a railway company through their township. In the instant case no voter is here complaining, and, if in fact a voter had been misled, he had the right within the thirty days period to have his name withdrawn from the petition. We cannot find ourselves able to endorse the theory that a general averment of this character can be said to add anything to the equity of the bill.

The concluding ground, as set forth in paragraph 9 of the bill, contains the general averment that a large number of the qualified voters in the city of Bessemer withdrew their names from the petitions. We conclude that the weight of authority sustains the view that the signers of such a petition have the right, any time prior to the action of the Commission thereon, to withdraw their names therefrom. 37 Am.Jur. 848, 849. This court recognized such a right in Irwin v. Mobile, 57 Ala. 6, and we see no reason to depart from that holding. But upon a study of the bill's averments there is found no statement as to the number of qualified voters who had signed the petition in fact withdrew their names. A cursory examination might lead one to assume (as it did the writer who entered the order for the issuance of the temporary writ in this case) that 688 of the voters who were on the petitions had withdrawn their names. But the bill does not so aver and upon more mature consideration it is evident no such averment was intended. These averments

142

are found in paragraph 7 of the bill. A close reading, however, discloses that the pleader did not aver, nor intend to aver, that the 688 persons named therein were all qualified voters. In fact this number of persons is divided into three classes, it appears, citizens, qualified voters, and gas users of the city of Bessemer. This appears on the petition which was presented to the City Commission. But as to averment of facts the bill merely charges that in these petitions there appeared the names of 688 persons. How many of these persons were qualified voters is left wholly to conjecture. Viewing the bill, therefore, in its entirety we are unable to find the essential averment of fact that the petitions calling for the election did not contain at least the names of 916 qualified voters of the city of Bessemer. This is a matter left to inference, and we entertain the view the bill does not contain sufficient averments of fact justifying the resort to equity for injunctive relief, and that the bill being without equity, the motion to dissolve was due to be sustained.

We are aware that the trial court sustained the motion upon another ground, and we are informed in brief that the trial court failed to rest the dissolution upon the ground of a want of equity out of deference to what he conceived to be view of this writer when the temporary writ was ordered to issue. But the order here was only for a temporary writ and without opportunity for a thorough study and analysis of the bill's averments, though we can readily understand and appreciate the position of the trial judge who had previously denied the writ. The writer is now convinced the error was his own, and that the trial judge initially took the correct view. But it is of no material consequence on this appeal upon what ground the court below rested the ruling.

The decree entered dissolved the injunction and the appeal is from that decree. If that ruling is correct, it is due to be here affirmed. Our conclusion that the bill is without equity justifies the decree of dissolution.

This conclusion renders unnecessary other matters presented on the record.

It results that the decree will be here affirmed.

Considering the application for rehearing, we may state that upon due consideration we rest content with the interpretation of the bill as herein set forth.

Upon the question of signatures we merely followed the generally accepted rule as found in Harwell v. Zimmerman, 157 Ala. 473, 47 So. 722; Hamilton v. Adams, 214 Ala. 440, 108 So. 1, cited by counsel for appellant. The case of Hawkins, Judge, v. City of Birmingham, 239 Ala. 185, 194 So. 533, relied upon by appellant, dealt with an entirely different statute regarding a judicial ascertainment of the number and genuineness of the signatures to the petition, and is clearly distinguished from the instant case.

The opinion is extended to this extent and the application will be overruled.

Affirmed.

All the Justices concur.