The City of Adamsville in Jefferson County appeals from a final judgment enjoining it from conducting an annexation referendum election. We affirm.
On July 31, 1985, Adamsville adopted an ordinance calling for a September 10, 1985, referendum election whereby voters of Hillview-78 West Fire District could vote on whether to annex that district into the city. This ordinance was recorded in Jefferson County on August 1, 1985.
On that same date, August 1, 1985, the City of Birmingham adopted an ordinance annexing the Halstead shopping center development property. This Halstead property was located within the Hillview-78 West Fire District.
On August 2, 1985, Mayor Adams of Adamsville sent Mayor Arrington of Birmingham a letter informing him of Adamsville's ordinance and advising him that Adamsville considered Birmingham's ordinance illegal and of no effect. Birmingham claimed that it did not have knowledge of Adamsville's ordinance when it adopted its own ordinance.
On August 15, 1985, Birmingham filed an action seeking to enjoin the referendum election scheduled by Adamsville. Birmingham contended that Adamsville's ordinance was void, because it was passed under the authority of Act No. 113 of the fourth special session of the 1975 legislature, which act Birmingham contended was unconstitutional itself because it did not comply with § 106 of the Constitution of 1901, in that the act was not properly spread upon the journals of the Alabama House of Representatives and Senate in the fourth special session of the 1975 legislature.
The parties agreed, and the trial court consented, to try the cause on its merits. The trial court accelerated the trial on the merits and consolidated that trial with the trial of the preliminary injunction. Rule 65 (a)(2), A.R.Civ.P.
On September 3, 1985, the trial court entered a final judgment enjoining Adamsville from conducting an election on the issue of the annexation of the Hillview-78 West Fire District pursuant to Adamsville's ordinance. This appeal ensued.
Three issues are presented here:
(1) Does § 106 of the Alabama Constitution, requiring certain procedural technicalities relative to passage of local laws, apply to Act No. 113 of the fourth special session of the 1975 legislature?
(2) Does § 106 require that legislation proposed for enactment at a special session be advertised prior to that special session, even though it was advertised prior to the preceeding regular session, though not enacted at that regular session?
(3) Did the trial court err by enjoining the annexation election?
 I.
Adamsville argues that § 106, Ala. Const. 1901, is not applicable to Act No. 113 but, rather, that Ala. Const. Amendments No. 239 and 314 must prevail. Adamsville, thus, relies on the legal doctrine which provides that, when sections of the Constitution conflict, the more specific shall prevail over the more general. State ex rel. Fowler v. Stone, 237 Ala. 78,185 So. 404 (1938).
As for Adamsville's contention that Amendments No. 239 and 314 would govern the procedural technicalities rather than § 106, we recognize that Amendments No. 239 and 314 authorized the legislature to enact legislation to provide for the creation of fire districts in Jefferson County; however, those amendments did not change the constitutional procedures mandated for the adoption of such legislation.
In 1975, when Act No. 113 was passed, § 106, Ala. Const., read as follows (it has since been amended by Amendment No. 341):
 "No special, private, or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to *Page 644 
apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the legislature, and said proof spread upon the journal. The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."
Act No. 113 amended Act No. 79 of the fourth special session of the 1966 Alabama legislature, which set forth the authority and procedure whereby Jefferson County could create fire districts. Act No. 113, however, set forth the procedure forannexing a fire district to a Jefferson County municipality.
Act No. 113 was a local law according to the definition in § 110 of the Alabama Constitution of 1901: "[A] local law is a law which applies to any political subdivision or subdivisions of the state less than the whole." See Opinion of the Justices,No. 197, 284 Ala. 626, 227 So.2d 396 (1969) (an act which was intended to apply to only one county, which is named, is a local act). Since Act No. 113 was a local act, it would necessarily be governed by § 106.
If Act No. 113 was approved without compliance with the notice and proof provision of § 106, then that section requires that Act No. 113 be pronounced void.
 II.
Adamsville argues that, even if § 106 applies to Act No. 113, that act was properly advertised prior to the 1975 regular
session, which preceded the special session in which it was passed. Adamsville contends that there is no requirement that an act be advertised more than once during a legislative year.
We agree with Birmingham, however, that once an advertised bill has been introduced in the legislature but fails to pass, members of the public should be able to forget the matter, unless it is again advertised, and they should not be required to search the daily records of the legislative proceedings of all subsequent sessions for the reintroduction of the defeated bill unless it has again been advertised.
In Opinion of the Justices, No. 312, 469 So.2d 108, 109 (Ala. 1985), the Court stated:
 "The purpose of § 106, as amended, is the prevention of deception and surprise. It requires that all those immediately affected by local legislation be informed of the substance of the proposed legislation so that they may have a fair opportunity to protest or otherwise express their views."
Moreover, we also held that an advertisement in May 1984 was not sufficient under § 106, when the bill was not introduced until the 1985 regular session:
 "If the failure to include in the notice an intent to apply for passage is fatal, it follows that the inclusion in the notice of an incorrect date of intent to apply to the legislature for passage is likewise fatal.
 "The constitutional requirement of notice to the people of the intent to apply to the legislature for passage of a local bill is satisfied only when the published notice accurately informs the people as to the legislative session when passage will be applied for. The basic purpose of the constitutional requirement of notice is defeated where the people are misinformed, albeit inadvertently, as to which legislative session the bill will be introduced in."
While we recognize the factual difference between the advertisement in Opinion of the Justices, No. 312, and the one in the present case, we are, nevertheless, compelled to hold that § 106 requires that *Page 645 
a proposed bill be advertised prior to each session in which the bill is introduced. It is only through this repeated advertising that the public can be kept apprised as to when a possibly objectionable bill should be protested.
Since Act No. 113 was not advertised prior to the fourth special session of the 1975 legislature, the session in which it was introduced and passed, we are required by the express language of § 106 to pronounce Act No. 113 void. It follows then that Adamsville's ordinance was void because it was passed under the authority of Act No. 113.
 III.
Finally, Adamsville contends that the circuit court erred by enjoining the Adamsville election because injunctions against elections are prohibited by § 17-15-6 and because Birmingham did not demonstrate irreparable injury.
Section 17-15-6 provides in pertinent part:
 "No jurisdiction exists in or shall be exercised by any judge, court or officer exercising chancery powers to entertain any proceeding for ascertaining the legality, conduct or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process or order from any judge, court or officer in the exercise of chancery powers, whereby the results of any election are sought to be inquired into or questioned, or whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void and shall not be enforced by any officer or obeyed by any person. . . ."
This Court has held that these provisions, which formerly appeared in the 1940 Code as Tit. 17, § 235, do not prevent the enjoining of an election. Dennis v. Prather, 212 Ala. 449,103 So. 59 (1925). See also Birmingham Gas Co. v. City of Bessemer,250 Ala. 137, 33 So.2d 475 (1947).
Furthermore,
 "In Dennis v. Prather, 212 Ala. 449, 103 So. 59, 62, this court, commenting upon the argument that if the election to be held is void it could be tested by other proceedings and there was no occasion for injunctive relief, said:
 "`We think this is not an adequate remedy. It means the useless incurring of all the expense, loss of time, and inconvenience of holding the election, and the confusion and uncertainty which would follow such conditions. * * *
 "`All the expense and inconvenience to the voters and taxpayers of the county would be useless. It seems a plain duty to so determine beforehand. The rights and interests of the electorate are better promoted by a decision in advance, advising the commissioners of their want of power, and restraining them from proceeding with a meaningless and useless election.'
 "Like reasoning was employed in City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816; and the case of Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703, likewise sustains this view. See also Petree v. McMurray, 210 Ala. 639, 98 So. 782."
Birmingham Gas Co., supra, 250 Ala. at 140, 33 So.2d at 477.
Adamsville argues that the facts of the instant case are distinguishable from those in Dennis v. Prather, because, it says, in this case, the only party who would be put to any expense, loss of time, and inconvenience of holding an election is Adamsville and therefore Birmingham was not able to show any irreparable injury that would occur if the Adamsville election was held as scheduled.
We disagree with Adamsville's contention that Birmingham failed to demonstrate some irreparable harm. Clearly, if the election was held as scheduled, Birmingham would have suffered confusion *Page 646 
and uncertainty, which the Court in Dennis v. Prather sought to proscribe.
For the above stated reasons, we hereby affirm the trial court's judgment enjoining Adamsville from conducting the annexation election.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.