Mattie Kirby and Walter M. Madden, Jr., former members of the City of Anniston Board of Education ("the board"), filed this action on March 14, 1997, against the City of Anniston; its mayor, W. Gene Stedham; its city council; and council members Andrew B. Hatley, Hans Gray, James D. Montgomery, and Debra D. Foster, seeking declaratory and injunctive relief.[1]
Specifically, Kirby and Madden sought to have a city council resolution (No. 97-R-14) declared void as violating the state and federal constitutions and as violating a city ordinance (No. 96-0-39) governing the procedure for adopting such resolutions. The resolution, which was passed pursuant to Ala. Code 1975, § 16-11-3.1, changed the at-large method by which board members had been appointed and, instead, called for board members to be appointed by the mayor and city council from four school districts corresponding to the four council wards and for one board member to be appointed by the mayor from the city at large.[2] The resolution required that each board member reside within the ward from which he or she was appointed. The resolution had the effect of dissolving the board and thereby terminating Kirby and Madden's positions. Neither Kirby nor Madden was reappointed.
The case was submitted to the trial court on briefs and stipulated facts; the basic issues presented were 1) whether § 16-11-3.1 provided the constitutional underpinning for the challenged resolution or, instead, whether § 16-11-3.1
violated Article VII, § 173 and § 175, of the AlabamaConstitution, and the due process and equal protection guarantees of the United States Constitution, by authorizing the city council to effectively terminate Kirby and Madden's positions on the board before the expiration of their terms, without following the impeachment process set out in § 173 of the Constitution; and 2) whether the resolution was due to be set aside on the ground that the council did not follow the proper procedure in bringing the resolution up for a vote. (Ordinance No. 96-0-39 provided in pertinent part: "No ordinance or resolution of a permanent nature shall be adopted at the meeting at which it is introduced unless unanimous consent be obtained for the immediate consideration of such ordinance or resolution. . . ." The council, by a 3-2 vote, agreed to consider the resolution at the meeting at which it was introduced.)
On December 23, 1997, the trial court ruled that the pre-August 1, 1997, version of § 16-11-3.1, under which the council had acted (see n. 2, supra), was constitutional; however, it found that the council had failed to comply with the ordinance governing the procedure for adopting resolutions. The trial court specifically noted that the Legislature had amended § 16-11-3.1 so as to prevent a city council from abolishing a board member's position during his or her term of office:
 "The Alabama Legislature amended § 16-11-3.1 in its regular general session this year. Said amendment will no longer allow the defendants to pass Resolution No. 97-R-14. Therefore, defendants are hereby restrained and enjoined from any future attempt to pass Resolution No. 97-R-14. *Page 889 
However, the council may still change the manner in which the board is appointed by providing for the appointment from wards if it so chooses, so long as the appointments are made at the expiration of the original term of each current member."
The trial court declared the resolution void and enjoined the city from taking any further action pursuant to it. The effect of the trial court's order was to reinstate Madden to the board, at least until his term expired in April 1998; Kirby's term had expired before the date of the trial court's order.
The sole issue raised on this appeal is whether the unamended version of § 16-11-3.1 was constitutional. Although both parties argue the merits of the trial court's constitutional ruling, we find persuasive the defendants' argument that this appeal should be dismissed. It is a well-settled principle of appellate review that this Court will not decide questions that are moot or that have become purely academic. It is not the province of this Court to resolve an issue unless a proper resolution would afford a party some relief. See Dunn v.Alabama State University Board of Trustees, 628 So.2d 519
(Ala. 1993), overruled on other grounds, Watkins v. Board ofTrustees of Alabama State University, 703 So.2d 335
(Ala. 1997), and the cases cited in Dunn. See, also,Lowe v. Fulford, 442 So.2d 29, 33 (Ala. 1983), noting that a court has a duty to avoid a constitutional question unless an answer to it is essential to the proper disposition of the case. We recognize, as the trial court did, that the Legislature has amended § 16-11-3.1 so as to prevent the very practice of which Kirby and Madden complain — the removal of board members during their terms through the dissolution and restructuring of a city board of education. Kirby and Madden, neither of whom is still in office, were successful in having the resolution set aside. Even if we were to address the issue presented and to hold the unamended version of § 16-11-3.1 unconstitutional, we could afford no relief to either Kirby or Madden. This Court does not reach abstract constitutional issues whose resolution would have no impact upon the parties.
APPEAL DISMISSED AS MOOT.
HOOPER, C.J., and ALMON, COOK, and LYONS, JJ., concur.
[1] Kirby's five-year term on the board expired in April 1997, shortly after this action was filed. Madden's term expired in April 1998, several months after the trial court had issued its order and this appeal had been filed.
[2] At the time this action was filed, § 16-11-3.1
provided:
 "The governing body of any Class 5 municipality may, by resolution, provide for the appointment of the city board of education from districts corresponding to the city governing body districts and the manner of appointment, the appointment of one member from the city at-large by the mayor, and the length of terms of the board members."
This section was amended, effective August 1, 1997. It now reads as follows:
 "The governing body of any Class 5 municipality may, by resolution, provide for the appointment of the city board of education members from districts corresponding to the city governing body districts and the appointment of one member from the city at-large by the mayor, only upon the expiration of each city board of education member's current term."
(Emphasis added.)