On Application For Rehearing

LYONS, Justice.
The Mobile County Commission contends that we ignored a prior dispositive case addressing the same issue, City of Adamsville v. City of Birmingham, 495 So.2d 642 (Ala.1986), in which the Court struck down a local act for want of the publication required by § 106, Constitution of Ala. of 1901. However, City of Adamsville is distinguishable because in that case the legislative journal was silent on the issue of notice and proof;[1] therefore, the issue whether to go behind the journal was not presented.
The Commission directs our attention to cases such as Tanner v. Tuscaloosa County Comm’n, 594 So.2d 1207 (Ala.1992), where the issue of adequacy of description, rather than frequency of publication, was resolved by comparing the content of the publication with the content of the act. These cases are not applicable to the line of authority following Byrd v. State ex rel. Colquett, 212 Ala. 266, 102 So. 223 (1924), dealing only with the fact of publication.
The application for rehearing is overruled.[2]
APPLICATION OVERRULED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, KENNEDY, COOK, and SEE, JJ., concur.
HOUSTON, J., dissents.

. See Journal of the House of Representatives, State of Alabama, Fourth Extraordinary Session of 1975, referring to H. 171 at pp. 54, 115, 346, 391, 438, 465, 510, 519, and 625. Compare the reference to notice and proof as to H. 177 on pp. 55-56.

. The application for rehearing was subject to being struck, as untimely. It was not mailed until the last day permitted for filing and could not be "deemed filed on the day of mailing,” because the applicant sent it to this Court by the Federal Express delivery service and not by "certified, registered, or express mail of the United States Postal Service.” See Rule 25(a), Ala. R. App. P.