Fred Bell appeals the judgment of the trial court disqualifying Bell as a candidate for Lowndes County district court judge and enjoining the appropriate election officials from including Bell as a candidate for that office in the November 7, 2000, general election. This appeal must be dismissed as moot.
On June 29, 2000, the Reform Party of Alabama certified Bell as the Reform Party candidate for Lowndes County district court judge in the then upcoming general election. On August 11, 2000, the Alabama Secretary of State certified Bell as the Reform Party of Alabama candidate for that office in that election. On August 21, 2000, in the Montgomery County Circuit Court, Nancy Lamar Eagerton sued Bell and the appropriate election officials, including the Alabama Secretary of State, and sought declaratory relief, injunctive relief, and quo warranto relief on the ground, among others, that Bell had not resided in Lowndes County for "12 months preceding his election or appointment" as required by § 12-17-64, Ala. Code 1975. Eagerton prayed for a declaration that Bell was not qualified for that office and prayed for an injunction barring the election officials from including Bell on the ballot. Thereafter, Eagerton struck her request for quowarranto relief.
On October 13, 2000, after a bench trial on oral testimony and documentary evidence, the trial court granted the relief sought by Eagerton, on the ground that Bell did not meet the residency requirements. On October 18, 2000, Bell moved the trial court to stay its October 13, 2000, judgment. That same day, Bell timely appealed. On October 19, 2000, the trial court denied Bell's motion to stay the trial *Page 205 
court judgment, and Bell moved this Court to stay the trial court judgment. On October 31, 2000, this Court denied Bell's motion for a stay.
Bell did not sue to enjoin the November 7, 2000, election or to enjoin the certification and the installation of the victorious candidate as the Lowndes County district court judge. Nor did Bell contest the election pursuant to § 17-15-22, § 17-15-27, § 17-15-28, and § 17-15-32, Ala. Code 1975.
On appeal, Bell challenges the judgment of the trial court on several grounds. He asserts that Eagerton lacked standing to sue and did not present a justiciable controversy and that these two defects deprived the trial court of subject-matter jurisdiction. Bell further challenges venue in Montgomery County and challenges the failure of the trial court to rule on Bell's motion challenging venue. Bell further challenges the sufficiency of the evidence to support the finding by the trial court that Bell did not meet the residency requirements and to support the issuance of the injunction against the inclusion of Bell as a candidate in the election. Finally, Bell challenges the denial of a jury trial and attacks the trial judge for bias. Bell asks this Court to reverse the judgment of the trial court and to order a new election for the office of Lowndes County district court judge.
Eagerton has moved to dismiss Bell's appeal on the ground that it is moot.[1] She cites § 17-15-6, Ala. Code 1975, for the proposition that Bell's failure to contest the election deprives this Court of jurisdiction to nullify the election. She claims that the occurrence of the election itself and the certification and installation of Terri Bozeman as Lowndes County district court judge pursuant to that unchallenged election render impossible the relief sought by Bell on appeal.
In response, Bell argues that, even if relief on appeal is impossible, his appeal should nonetheless be entertained because unresolved "collateral rights of the parties" still must be determined. (Reply brief, p. 9.) He identifies the constitutional voting rights of the Lowndes County voters and his own right to due process of law.
 "It is a well-settled principle of appellate review that this Court will not decide questions that are moot or that have become purely academic. It is not the province of this Court to resolve an issue unless a proper resolution would afford a party some relief. See Dunn v. Alabama State University Board of Trustees, 628 So.2d 519 (Ala. 1993), overruled on other grounds, Watkins v. Board of Trustees of Alabama State University, 703 So.2d 335 (Ala. 1997), and the cases cited in Dunn. See, also, Lowe v. Fulford, 442 So.2d 29, 33 (Ala. 1983), noting that a court has a duty to avoid a constitutional question unless an answer to it is essential to the proper disposition of the case."
Kirby v. City of Anniston, 720 So.2d 887, 889 (Ala. 1998) (emphasis added).
 "`No matter how much the parties may desire adjudication of important questions of constitutional law, broad considerations of the appropriate exercise of judicial power prevents such determinations unless actually compelled by the litigation before the court. Troy State University v. Dickey, 402 F.2d 515 (5th Cir. 1968).'" *Page 206 Lowe v. Fulford, 442 So.2d 29, 33 (Ala. 1983) (quoting and agreeing with the judgment of the trial court).
The issues specified and argued by Bell on appeal are not governed by constitutional voting-rights law except to the extent that a citizen's constitutional right to vote is the foundation of Eagerton's standing to sue, see Harris v. Weatherford,459 So.2d 876 (Ala. 1984), and Jones v. Phillips, 279 Ala. 354,185 So.2d 378 (1966); the justiciability of her complaint, seeBostwick v. Harris, 421 So.2d 492 (Ala. 1982), and City ofAdamsville v. City of Birmingham, 495 So.2d 642 (Ala. 1986); and the consequent subject-matter jurisdiction of the court, seeBostwick. No constitutional voting-rights law supports Bell on the particular issues he seeks to present on appeal. Likewise, Bell's statement of issues does not include a claim of denial of due process of law, and neither his briefs nor the record demonstrates any denial of due process of law. Thus, no constitutional law decision or any other decision on any important unresolved issue is "compelled by the litigation before" us. Lowe, 442 So.2d at 33. Therefore, we limit our review to the issue whether Bell's appeal is moot.
 "A court does not have the jurisdiction to interfere in an election result, unless a statute authorizes it to do so. Ala. Code 1975, § 17-15-6, divests courts of such jurisdiction. That statute provides, in pertinent part:
 "`No jurisdiction exists in or shall be exercised by any judge, court or officer exercising chancery powers to entertain any proceeding for ascertaining the legality, conduct or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute. . . .'"
City of Talladega v. Pettus, 602 So.2d 357, 359 (Ala. 1992), overruled on other grounds, Ex parte Krages, 689 So.2d 799
(Ala. 1997). However, this Court identified an exception to §17-15-6 in City of Adamsville:
 "This Court has held that these provisions [in § 17-15-6], which formerly appeared in the 1940 Code as Tit. 17, § 235, do not prevent the enjoining of an election. Dennis v. Prather, 212 Ala. 449, 103 So. 59 (1925). See also Birmingham Gas Co. v. City of Bessemer, 250 Ala. 137, 33 So.2d 475 (1947).
"Furthermore,
 "`In Dennis v. Prather, 212 Ala. 449, 103 So. 59, 62, this court, commenting upon the argument that if the election to be held is void it could be tested by other proceedings and there was no occasion for injunctive relief, said:
 "`"We think this is not an adequate remedy. It means the useless incurring of all the expense, loss of time, and inconvenience of holding the election, and the confusion and uncertainty which would follow such conditions. * * *
 "`"All the expense and inconvenience to the voters and taxpayers of the county would be useless. It seems a plain duty to so determine beforehand. The rights and interests of the electorate are better promoted by a decision in advance, advising the commissioners of their want of power, and restraining them from proceeding with a meaningless and useless election."
 "`Like reasoning was employed in City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816
[(1919)]; and the case of Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703 [(1908)], likewise sustains this view. See also Petree v. McMurray, 210 Ala. 639, 98 So. 782 [(1923)].' *Page 207 
 "Birmingham Gas Co., supra, 250 Ala. at 140, 33 So.2d at 477."
495 So.2d at 645. Therefore, because Bell did not seek and obtain an injunction to stop the November 7, 2000, election for Lowndes County district court judge, and because Bell did not contest the election of Terri Bozeman to that office, this Court cannot nullify her election or order a new election. § 17-15-6, § 17-15-22, § 17-15-27, § 17-15-32, City of Talladega, supra, andCity of Adamsville, supra. Accordingly, Bell's appeal is moot and must be dismissed. Kirby, supra.
APPEAL DISMISSED.
MOORE, C.J., and HOUSTON, LYONS, and WOODALL, JJ., concur.
[1] This Court initially denied this motion on January 3, 2001. The parties, however, have briefed the issue of mootness, and, because the issue is controlling, we sua sponte reconsider our denial of the motion to dismiss.